## Kington Coal Mining Company v. Danberry.

(Decided March 8, 1929.)

V. C. McDONALD for appellant.

G. E. JONES and E. R. MORTON for appellee.

OPINION OF THE COURT BY COMMISSIONER TINSLEY—Reversing.

For several months prior to February 28, 1928, the appellee was employed by the appellant in its mine in Union county, Ky. On that day he filed with the Workmen's Compensation Board against appellant a claim for compensation on account of an injury arising out of and in the course of his employment. A hearing on this claim

was had before one member and a referee of the board on July 10, 1928, at which testimony was introduced by both parties; upon consideration whereof the board entered an order dismissing appellee's claim on the ground there was no evidence to show that appellee had accepted, or elected, to work under the provisions of the act. Appellee prosecuted an appeal from this order of the board to the Union circuit court, where, upon the same evidence heard before the board, a judgment was rendered on September 14, 1928, setting aside the order of the board and remanding the case to it for an allowance to appellee. From that judgment this appeal is prosecuted, and, to reverse it, appellant insists the court was without authority to enter it and that it is not sustained by the law or the evidence.

On the hearing before the board it developed, both in the testimony of appellee and in that for appellant, that appellee had never elected to work under the provisions of the act by signing the compensation register; nor was there any proof that appellee had indicated his election to accept the provisions of the act by signing any other notice, book, or paper. He testified that he had no recollection of ever signing the compensation register or of signing anything else to indicate his acceptance of the provisions of the act. Appellant's secretary, who keeps its books and records, testified that appellee had never signed the compensation register, although he further testified that appellant had never requested him to sign it nor had appellee requested that he be permitted to sign it, and that at the time appellee began working in appellant's mine appellant had no compensation register, although it procured and had one at the time of the hearing. It was proven and conceded that appellant had accepted the provisions of the act. None of this recited testimony was disputed.

Section 4957, Kentucky Statutes, provides: "Election to operate under the provisions of this act shall be effected by the employee by signing the following notice, to-wit: 'I hereby agree with (name of employer) to accept the provisions of chapter (33), Acts of 1916, commonly known as the Kentucky Workmen's Compensation Act.' . . ."

Under the evidence in this case, appellee never signed any such notice. Consequently, there was no election upon his part to accept the provisions of act; and in the

absence of any proof to indicate such an election, the board had no jurisdiction of his claim and its dismissal was proper. Section 4882, Kentucky Statutes; McCune v. Pell & Bros., 192 Ky. 22, 232 S. W. 43; Bannon v. Watson, 207 Ky. 23, 268 S. W. 573; Pope Mining Co. v. Brown, 194 Ky. 714, 240 S. W. 755.

It is the well-settled rule in this jurisdiction that the judgment of the Compensation Board will not be reversed upon the facts if there is any competent and relevant evidence to sustain it; therefore its finding that appellee had not elected to accept the provisions of the act is conclusive. Golden Ash Coal Co. v. Davis, 220 Ky. 224, 294 S. W. 1029; Black Mountain Corporation v. Murphy, 218 Ky. 40, 290 S. W. 1036; Red Ash Straight Creek, Inc. v. DeRossett, 218 Ky. 293, 291 S. W. 394; Looney Creek Coal Co. v. Scott, 223 Ky. 529, 4 S. W. (2d) 374.

Under this rule the circuit court was without authority to set aside or reverse the order of the Compensation Board, and its judgment to that effect was and is erroneous.

Wherefore the judgment is reversed, with directions to dismiss appellee's petition.