## Boone v. Willett Distilling Co.

Jan. 21, 1941.

A. W. Nichols for appellant.

O'Neal & O'Neal and W. R. Gentry for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

In March, 1937, the appellant was employed by appellee as a mill hand in appellee's distillery, a corporation which had previously filed its election with the Workmen's Compensation Board to operate under the Workmen's Compensation Act. Appellant went into or about the mill department of the distillery and then went to Park Beam, the foreman who was in charge of the distillery, and asked him about signing the workmen's compensation register, and Beam told him that those who had charge of the register or attended to that duty were absent, and further told him to go ahead with his work and someone would bring the register around later. Appellant returned to his work and within an hour or two his right hand was caught in the mill and badly mangled, resulting in the loss of four fingers and perhaps other permanent injuries to his hand. These facts are admitted.

Appellant made application to the Workmen's Compensation Board for compensation for his injuries and upon a trial of the case the board denied him compensation upon the ground that appellant having not actually signed the register there was no election by him to accept the provisions of the Workmen's Compensation Act as required by Section 4957, Kentucky Statutes.

Appellant filed his petition for review in the Nelson circuit court setting up the facts indicated above, together with the record or proceedings had before the board, to which the court sustained a demurrer and dismissed his petition. Hence, this appeal.

It is the contention of appellant, pleaded in his petition for review and argued in brief, (1) that since appellant was prevented from signing the register by no fault of his own, but was so prevented by the acts of appellee, such conduct or acts of appellee constituted a waiver and it is estopped to rely on appellant's failure to sign the register as a defense; and (2) that after the accident, and while appellant was in the hospital at Louisville, Kentucky, R. K. Fowler, the adjuster for the insurance carrier, on behalf of the insurance company and appellee, presented to appellant a writing which he signed which should be construed as an acceptance of the act by the plaintiff. We find the evidence insufficient to show the nature of the writing, since appellant does not seem to know the exact nature of the writing and

Fowler testified it was merely descriptive of how the accident happened and the nature of the injuries, and after he learned that appellant had not signed the register and was advised by the company that it was not liable for compensation, he, Fowler, tore up the writing. Hence, there is only left for our consideration a question of law, namely, is it mandatory that an employee actually sign the register in order to avail himself of the benefits of the Workmen's Compensation Act?

Like and similar questions, as are here involved, have been decided by this court in a number of previous cases, therefore, the case at bar presents no new question.

In McClary et al. v. McClary et al., 274 Ky. 299, 118 S. W. (2d) 687, J. H. McClary was killed in an automobile accident while he was operating a motor truck for his father, H. B. McClary, by whom he was employed. H. B. McClary had three employees, two of whom, including his son, were truck drivers. He had elected to operate under the Workmen's Compensation Act, and the Bituminous Casualty Corporation was his insurance carrier. The dependents of J. H. McClary filed claim for compensation with the Workmen's Compensation Board and a referee of the board awarded the petitioners compensation. Upon review by the full board a majority of the board entered an order dismissing the application for compensation upon the ground that the board did not have jurisdiction because the deceased had not elected in writing to accept the provisions of the act at the time of the injury. A petition for review was filed in the circuit court and judgment was entered sustaining the award of the Workmen's Compensation Board, and from that judgment, the claimants prosecuted an appeal to this court.

It was conceded in that case that the deceased employee did not sign the compensation register accepting the provisions of the act, and further that the employer did not have a register. It was argued in that case that by the conduct of the employer in not having a register available for the deceased employee to sign, he, the employer, was estopped to deny that the register was signed. The employer testified that he was not familiar with the terms of the Workmen's Compensation Act and that he relied upon the agent of the insurance com-

pany to furnish the blanks, papers, and other instruments required to be executed in order to effect a compliance with the provisions of the act, and that at the time he took out his policy with the insurance carrier he had an understanding with them that they would furnish all blanks and information as to what to do under the act and relied upon them to furnish such information; that the company did not furnish him any register for his employees to sign, and that the only thing it furnished him was blanks on which to make out reports and doctor's certificate. He also testified that he told his employees, including the deceased, that he had elected to accept the provisions of the Workmen's Compensation Act and carried insurance which would protect an employee in event of injury.

We are unable to see any difference, from a legal point of view, between the facts in the case, supra, and the case at bar. In the former, the employee did not sign the register because the employer had no register; in the present case, appellant did not sign the register because none was available at the time he was employed and before he received his injury.

It is pointed out, however, in the McClary case, supra, that the only exception to the requirements that the provisions of the Compensation Act must be accepted in writing by the employee in order to give the compensation board jurisdiction is where the employee, under the belief that he is under the act, is led to act to his detriment by his employer, and under such circumstances the doctrine of estoppel applies, and the employer is estopped to deny that the employee had signed the compensation register. In that opinion a number of cases wherein the doctrine of estoppel was applied are cited and distinguished on their facts from the McClary case. It was held in the McClary case that the conduct of the employer was insufficient to sustain the plea of estoppel, since the employee would not have been estopped to sue his employer at common law for any injuries received by him in the course of his employment, and neither he nor his dependents were deprived of that right by any act of the employer or his insurance carrier. It is further said in that opinion [274 Ky. 299, 118 S. W. (2d) 689]:

"In order to sustain appellant's contention, it

would be necessary to hold that a verbal agreement to operate under the act would constitute a compliance with its terms. The language of the act is plain and unambiguous, and requires that there must be an election on the part of the employee as to whether he will accept the provisions of the act, and if he elects to accept its provisions, *the election must be in writing.*" (Our italics.)

In Kington Coal Mining Company v. Danberry, 228 Ky. 344, 14 S. W. (2d) 1084, Danberry was employed by the mining company to work in its mines. He did not sign the workmen's compensation register or other notice provided in Section 4957, Kentucky Statutes. It developed in the proof and was conceded that the mining company had no register although it had elected to operate under the Workmen's Compensation Act. Danberry was injured and filed claim with the Workmen's Compensation Board for compensation. His claim was denied on appeal to this court upon the ground that he had not elected to accept the provisions of the act by signing the notice provided in the statutes, supra, and since there was no election on his part in the manner prescribed by the statute, the board had no jurisdiction of his claim. That case is another instance wherein the employee failed to sign the register or other notice provided in the statute, apparently, because of no fault on his part; yet, unfortunately, he suffered the consequences of his failure to sign the register notwithstanding no register or other notice was made available to him by his employer.

Again, in Pope Mining Company v. Brown, 194 Ky. 714, 240 S. W. 755, compensation to an injured employee was denied because he did not accept the provisions of the act by signing the register or other notice provided in Section 4957, Kentucky Statutes. It is pointed out in that opinion that Section 4956, Kentucky Statutes provides that when the employer or employee accepts the provisions of the act, they must do so in writing in the manner provided by the statute, which requires their *signatures* to the notice required. Many other authorities of a like and similar nature might be cited, but we deem it unnecessary to further extend this opinion by citing cumulative authorities.

This record presents an unfortunate situtaion and we regret that we are unable to grant appellant the re-

lief sought. Morally, appellant is entitled to compensation in some manner for his injuries, but since the court is bound by established principles of law, we cannot go astray therefrom in order to relieve appellant of his unfortunate situation.

Under the statutes, supra, and the cited opinions of this court construing same, we are constrained to the conclusion that appellant's failure to sign the notice required by the statute is fatal to his claim and the trial court did not err in so holding.

Judgment affirmed.