# Horn Transfer Line v. Reed et al.

June 13, 1941.

O'Neal & O'Neal and John O. Arnold for appellant.

Willis & Sloss, Edward F. Seiller and Gavin H. Cochran for appellees.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

Raymond Reed was killed September 25, 1939, while operating a motor truck for his employer, Horn Transfer Line, hereinafter referred to as the defendant. He was survived by his widow, Cordie Reed, and three infant children, who filed an application with the Workmen's Compensation Board to recover compensation for his death. The Board awarded plaintiffs $11.60 for a period of 335 weeks and upon a review by the full Board on defendant's motion, the award was sustained. The defendant filed its petition in the Jefferson Circuit Court for a review of the award, which was dismissed, judgment was entered affirming the award of the full Board, and the case is here on appeal.

On the hearing before the Referee of the Board, all facts were stipulated showing the plaintiffs are entitled to the award if the deceased had elected to accept the terms of the Compensation Act, Kentucky Statutes, Section 4880 et seq. Therefore, this appeal presents the sole question, had deceased elected to accept the terms of the Act as provided by Section 4957, Kentucky Statutes (Baldwin's 1939 Supplement)? Reed, the deceased, was first employed by defendant prior to 1931 and continued in its service with some periods of lay-offs until March 7, 1937; on the following day he entered the employ of the Marcus Paint Company, with whom he remained until July 23, 1938. On August 24, 1938, he again secured employment with defendant and continuously worked for it until his fatal accident on September 25, 1939.

Section 4957 provides for the employee's signing a notice that he accepts the terms of the Workmen's Compensation Act and contains these provisions:

"If the employment at any time be suspended for less than one year, the original acceptance of the employee shall continue effective in subsequent employment under the same employer, unless withdrawn in the manner provided under Section 4959 of this Act. * * *

"Whenever, in the hearing of a claim for compensation on account of the death of an employee, it shall have been shown that at the time of the accident alleged to have resulted in the death of such employee, the employer had accepted and was operating under the provisions of this Act and that employee sustained such accident in the course of his employment, such evidence shall constitute prima facie proof that the deceased had himself duly accepted the provisions of this Act."

It is admitted defendant was operating under the Act and that deceased was killed in the course of his employment, therefore, the burden was upon defendant to overcome by proof the prima facie presumption created by Section 4957 that the deceased had accepted the provisions of the Act. To do so the defendant introduced Harry.Lee Horn, who testified that he had charge of two registers wherein the employees signed to accept the terms of the Act, which he filed as exhibits A and B with his testimony. Horn further testified he did not know when deceased signed register A, since his signature therein bears no date, but the date of the signature of the employee signing just above Reed's name is, "8/3/31"; that the signatures on this register do not appear in chronological order, and although the book was full and had ceased to be used, it contained one employee's signature as late as "9/8/39"; that deceased signed register A when he first started to work.

While Horn is indefinite in some of his statements as to when Reed signed this register and could not give the date he did so, yet he is positive that it was when Reed first started working for defendant; therefore, it was about 1931, or probably prior thereto. The plaintiffs are not in a position to seriously contend that the defendant did not show this register was signed by their decedent prior to the time he returned to work for it in August, 1938.

Register B shows Reed's name and directly under it is "839 S. 28th St. 2/10". These letters and figures have several pencil lines drawn through them and immediately thereunder on the next ruled line of the book is "2334 Crop 8/24". Horn testified Reed signed this register in 1937 and was then living on Twenty-Eighth Street, he thinks; that when he returned to defendant's service from the Marcus Paint Company he did not sign the reg-

ister, but witness changed his address because "he was living in that house, one of our houses." On cross-examination Horn was asked that when Reed left the Marcus Paint Company and resumed work with defendant and witness changed his address on the register, if deceased accepted the Act, and he replied:

"As far as I know.

"Q. And your intention was to indicate that by writing his newest address, in the book, is that correct? A. Yes, sir."

On redirect-examination Horn testified deceased never said anything about accepting the Act and that witness voluntarily changed his address and assumed that was all that was necessary to make him accept the Act.

There is some testimony in the record that other registers were kept by defendant, but there was no evidence that deceased ever signed any of them. The testimony of Horn rebutted the presumption that Reed had elected to accept the provisions of the Act, and the burden then shifted to plaintiffs to prove their decedent had signed, Taylor v. Cornett Lewis Coal Company, 281 Ky. 366, 136 S. W. (2d) 21, which they failed to do. But as we understand plaintiffs' argument, they do not contend that Reed signed any of the registers upon, or after, returning to work in August, 1938, but that the act of Horn in drawing lines through Reed's address directly under his name on register B and inserting the date "8/24" amounted to Reed signing through an amanuensis.

The Board found as a fact that deceased upon returning to work did not again sign the register, but that Horn "got out the register at that time and changed the address and also inserted the date * * *. Where, as in this case, the decedent had signed the register on two previous occasions and upon his return to the same employment both he and his employer thought it was unnecessary for him to sign again and where both parties intended to, and thought they were, operating under the Act, we conclude that decedent had elected to and was operating under the Act at the time of his death." To sustain this finding the Board cites Pet Milk Co. v. Workmen's Compensation Board, 226 Ky. 16, 10 S. W. (2d) 455. But that case has no application, as there the employee returned to work in much less than a year, hence it was not necessary for him to sign the register again.

Where there is any substantial evidence to support the finding of fact by the Board, the rule is that courts will not disturb it, and this rule is just as applicable when the decision is adverse to the employee as to the employer, Kentucky & West Virginia Power Company v. Terry, 238 Ky. 187, 37 S. W. (2d) 36, and cases therein cited. There is ample evidence to sustain the Board's finding that deceased never signed the register after returning to defendant's service. But the Board erroneously concluded that as both parties thought it was unnecessary for deceased to sign again, and as both intended to and thought that they were operating under the Act, it was authorized to make an award to the plaintiffs. The fact that both employer and employee intended to operate under the Act, and that each thought the Act applied, is not sufficient where the employee has not accepted the Act in writing, in the absence of a showing that the employee, under the belief that he is under the Act, is led by the employer to act to his detriment, thus working an estoppel against the employer from asserting that the employee had not signed the compensation register, Boone v. Willett Distilling Company, 285 Ky. 353, 147 S. W. (2d) 693; McClary v. McClary, 274 Ky. 299, 118 S. W. (2d) 687; Kington Coal Mining Co. v. Danberry, 228 Ky. 344, 14 S. W. (2d) 1084.

In the recent case of Boone v. Willett Distilling Company, supra, it was written that it was mandatory upon the employee to accept the Act in writing before he came under its terms. Upon starting to work Boone went to his foreman to sign the compensation register. The foreman told him that the one in charge of such register was absent, to go to work and that some one would bring the register around later. Boone was injured in an hour or two after going to work and before he was given an opportunity to sign the register. Basing the opinion upon McClary v. McClary and Kington Coal Mining Company v. Danberry, supra, where the employers were operating under the Act but had no register for the employees to sign, it was written that the language of Section 4957 is plain and unambiguous and requires that the election on the part of the employee to accept the Act must be in writing.

It is not contended by plaintiffs that there was any act on the part of the defendant which amounts to an estoppel, but they contend that Horn's running a line through deceased's former address and writing directly

thereunder his then address and the date he returned to work amounts to deceased signing the register through Horn as his amanuensis, citing Fell Co. v. Elswick, 194 Ky. 641, 240 S. W. 373, 374. The signature there was, ''Thomas Elswick, wit. By R. L. Spradling.'' It was testified by Spradling he was furnished the register to obtain the employees' signatures, and when they could not write, he would upon request sign for them; that although he did not know Elswick, he did not witness any names on the book that were not given him as the name of the person signing at that time; that Elswick did not touch the pen. It was there held that Elswick had signed the register and accepted the Act.

But there is a vast distinction between the Elswick case and the one now before us. Elswick's signature was affixed and witnessed by another in his presence and by his request. While here, Reed was not shown to have been present, did not make the request that his name be affixed to the register, and so far as the record shows, did not know that Horn had changed his address on the register and inserted the date he returned to work.

It is urged that the Compensation Act should be given a liberal construction—to which we agree. However, we cannot hold through the greatest liberality of construction that Horn's mere scratching out deceased's old and inserting his new address, along with the date of his returning to work, without his request, consent or knowledge, amounted to an election on the part of the deceased to accept the Act. Had Reed's personal representative instituted an action at law to recover damages for his wrongful death, could it be argued with reason, or would any court hold, that the act of Horn was binding on deceased? If Reed had requested Horn to sign his name to the register and instead of doing so Horn had run the lines through the old address and had inserted the new address and dated it, or if Horn, after changing the date and address, informed deceased he had signed his name to the register and that he was under the Act, we would have before us the question presented in plaintiffs' brief, which is quite different from the one actually here.

It is argued that as the Board's finding that Reed did not sign the register is based upon evidence which is not conflicting, it does not have the weight of a finding of fact, but amounts to a conclusion of law and we are not bound thereby. However, we are quite certain the Board

made no mistake when it found deceased had never signed the register after returning to work in August. Plaintiffs also urge that although the Board based its award on the wrong ground, it is sustainable on the theory that deceased signed the register, and the law is if the judgment of the trial court or the award of a Board may be upheld on a ground different from the one upon which it is based, it is our duty to sustain it, citing Shrum v. Meredith, 259 Ky. 366, 82 S. W. (2d) 426; Perry v. Simpkins, 260 Ky. 151, 84 S. W. (2d) 35; Laurel Cliffs Mfg. & Distributing Co. v. Prichard, 255 Ky. 762, 75 S. W. (2d) 491, and other like cases. The weakness of that position is that the award cannot be upheld on the ground that Reed signed the register at the time, or after, returning to work in August, 1938, since both the Board and this court are convinced that he did not.

The judgment is reversed with directions to the trial judge to enter one requiring the Board to set aside the award.