## Williams v. Middle-West Roads Co. et al.

Nov. 5, 1943.

C. F. See, Jr. for appellant.

Dysard & Dysard for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellee, Middle-West Roads Company, was, and is, a foreign corporation engaged in the business of constructing highways. Prior to July 10, 1941, it obtained a contract from the Kentucky Highway Commission to construct a part of a state highway in Lawrence County near Louisa, and on that day it employed appellant as a workman on the job. On September 11, and prior thereto, appellant was engaged as a mixer, with the aid of a machine for that purpose. The mixture which appellant was preparing was a substance for the top surface of the finished highway. The Commission had stationed inspectors at the temporary plant of the contractor for the purpose of seeing that the construction was done according to the specifications for the work, one of whom was named Marcus Mann, and who, it appears, had made complaints to the contractor's foreman on the job that appellant was not properly performing his work in mixing the surfacing substance. Appellant was notified to appear at the office of the local superintendent to discuss the matter and while there he and Mann (who was also present) became engaged in a controversy resulting in the latter shooting appellant in the left arm just above the elbow. He was carried to the hospital where he received treatment and where he lingered for a considerable time. On entering the hospital a representative of the employer and contractor, assured the surgeon that the contractor would take care of the bills for the medical treatment of appellant. After a while appellant inquired of the local superintendent about receiving compensation and the latter agreed to and did write his principal, located at its foreign office with reference to the matter but later discovered that appellant had never accepted the provisions of our

Workmen's Compensation Act, KRS 342.001 et seq., and payment of compensation was refused. However, the superintendent did at first make a report of the injury to the Compensation Board, but on discovering the facts that report was withdrawn.

On December 8, 1941, appellant made application to the Compensation Board for an award which was defended by the employer upon the two grounds of (1), that appellant's injury did not arise out of or in the course of his employment, and (2), that appellant had never accepted Kentucky's Compensation Act. Evidence was heard by the Board (but first by a referee) and at each of such hearings compensation was denied, based exclusively on ground (2) supra, nothing being determined (except by implication) with reference to ground (1) and such implied ruling of the first ground is not attacked by the employer.

A petition for review was filed in the Lawrence Circuit Court by appellant wherein the same defenses were interposed. The cause was heard upon the record made before the Compensation Board and the court sustained ground (2) supra and dismissed the petition from which this appeal is prosecuted.

Upon entering the employment of the contractor, appellant signed a card to be held by his employer as a record of his Social Security number, which does not seem to be a requirement of the law, but only a plan adopted by the employer for its convenience. At any rate, the admitted correct copy of it contained in the record shows on its face its purpose and that it had nothing whatever to do with accepting the terms of the Compensation Act. Appellant testified that he did not read the card he signed nor does he claim that anyone connected with his employer, nor any other person, ever, at any time, led him to believe that the card he had signed was an acceptance of the terms of our Compensation Act. He was asked:

"Q. It (the card) shows your Social Security number 406—09—9294, is that your Social Security number? A. Yes Sir.

"Q. Is that a record of your compensation for your Social Security benefit and has your Social Security number stamped in the right-hand corner? A. That is what it shows."

His counsel then asked him: "Q. Did you know what you were signing? A. I didn't know—he just asked me to sign this card.

"Q. Was it represented to you—did you think that you were signing a Workmen's Compensation card? A. Yes Sir."

Appellant introduced some seven or eight, or possibly more of his co-employees, each of whom signed the same character of Social Security card, but none of them stated that they read the contents of the card but that they were under the impression that it was an acceptance of the terms of the Compensation Act, but each of them declined to state that they did so under the representation by any agent of the employer that the card was required or intended to evidence any such acceptance. So that the case is simply this, that the employees, including appellant, signed without reading a card showing on its face the purpose for which it was demanded and which was not an acceptance of the terms of the Compensation Act. Also, that at the time they signed the card no one represented to them that it was for the purpose of an acceptance by the signers of the terms of that Act. Therefore, the only ground for the "impression" or "thought" by appellant, and others who signed a similar card, that it was for the purpose of accepting the Compensation Act was due to their own carelessness and negligence and not to any act or conduct of the employer when the truth could easily have been obtained by reading the card signed by them.

It is shown in the cases cited post that the Legislature in the enactment of the Compensation Act was particularly specific in requiring the acceptance of its terms, by both employer and employee, in writing so as to forestall the commission of fraud by either party in its application and to thereby make the evidence of its acceptance certain. It appears from the evidence in this case that up to the time of appellant's injuries of which he complains the temporary office of the company in Lawrence County was not supplied with a register or book on which the names of the employees accepting the terms of the Act might be signed, but as we read the statute it does not require such acceptance to be in, or upon, a book, but only recognizes that the acceptance might be made in that manner. Section 4957 of Baldwin's Edition of Carroll's Statutes, 342.395 KRS, is the

one requiring the acceptance of the Act by the employee to be made in writing, and it says:

"Election to operate under the provisions of this act shall be effected by the employee by signing the following notice, to-wit:

" 'I hereby agree with (name of employer) to accept the provisions of chapter thirty-three, Acts of 1916, commonly known as the Kentucky Workmen's Compensation act.' "

It will be seen that there is no requirement that the employer must furnish a register for the employee to sign in accepting the terms of the Act; but only that his acceptance should be in writing which might be on a separate card or piece of paper for each employee to sign. Therefore, the contention by appellant's counsel that, since the company had no register in its local office for its employees to sign in accepting the Act constituted an estoppel cannot be sustained, and in the absence of a waiver or estoppel the required written acceptance may not be dispensed with.

Three late cases involving facts substantially similar to those appearing here are McClary v. McClary, 274 Ky. 299, 118 S. W. (2d) 687; Boone v. Willett Distilling Co., 285 Ky. 353, 147 S. W. (2d) 693, and Horn Transfer Line v. Reed, 287 Ky. 536, 154 S. W. (2d) 344. We will not undertake to set out the facts of those cases, except to say that in the Boone case [285 Ky. 353, 147 S. W. (2d) 694] the employee applied to the foreman of the employer "and asked him about signing the workmen's compensation register" when he was told that the one in charge of the register, and who attended to such matters, was absent but that someone would bring the book around to the applying employee for him to sign. He went to work and was injured about one hour thereafter. The Board denied him compensation upon the ground that he had not legally elected to accept the terms of the Compensation Act, although it was argued on behalf of the employee that in as much as the employer did not have a register available to the employee at the time he made his application he or it was estopped to insist that his employee had not accepted the terms of the Act. That ruling was affirmed by the circuit court on a petition for review before it, from which the applicant appealed to this court, and we affirmed the judgment of the court.

The other two cases cited are of the same tenor upholding the requirement that the employee must sign his acceptance in writing, or there must be facts appearing in the record creating an estoppel of the employer from insisting on such written acceptance by the employee. In this case there is nothing in the record, as we have seen, whereby appellant was in any wise misled by his employer or by any one representing the employer. His failure to accept the Act in writing was due solely, according to the record, to his belief or thought that the Social Security employment card that he did sign was one accepting the terms of the Compensation Act and there is no word or conduct appearing in the record to prove that the employer in any manner encouraged such an impression. Without elaborating the facts or going any more into detail of the reasons supporting our conclusions in those cases, we deem it sufficient to say that they clearly sustained the conclusion of the Commission, as well as the judgment of the circuit court, in holding that applicant had never accepted the terms of the Compensation Act, nor had his employer waived the failure of appellant to accept in writing the terms of the Act, or had estopped itself from so insisting.

To create an effective estoppel the one against whom it is interposed must have, by his words, acts or conduct, misled the estoppee to his prejudice. In this case appellant was informed within less than three months after he was injured that his employer would insist that he had not accepted the Compensation Act. Therefore he had nine months before the expiration of the year within which he might proceed at common law to recover for his injuries if the facts justified it. There being no estoppel, as we have seen, occurring before the injury, the immediate steps taken by appellee following the injury, even if it lead appellant to the belief that he had accepted the Compensation Act worked no injury to him, since he still had nine months within which to recover for his injuries by a court action for damages which is the only relief he had before the enactment of the Compensation Act.

Wherefore, for the reasons stated the judgment is affirmed.