## Cody et al. v. Combs et al.

May 10, 1946.

Ward & Ward for appellant.

Craft & Stanfill for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—
Affirming.

W. M. Cody, a coal miner, was killed in an accident on April 10, 1944. On May 31, 1944, his widow, Alta E. Cody, filed with the Workmen's Compensation Board an application for adjustment of claim against the Bituminous Casualty Corporation. On June 6, 1944, she filed for herself and infant children an application for adjustment of claim against the Raccoon Coal Company. In this application she stated that the Bituminous Casualty Corporation was the employer's insurance carrier. The following statement also appeared in the application:

"This mine had been operated by Buck Combs for about three months prior to the date of this accident. He had taken out insurance with the Bituminous Casualty Corporation, but not being familiar with the practices of compensation, he did not have a register for the employees to sign and at the time of the death of this employee, he and all the other miners at this mine had not signed the register because there was none to sign, although all of them were in good faith working under the Act."

The two cases were assigned for hearing before a referee on July 20, 1944, and at the hearing the two applications were dismissed on Mrs. Cody's motion when it appeared that W. H. Cody was not employed by the Raccoon Coal Company at the time of his death but was employed by Buck Combs. On July 21, 1944, Alta E. Cody filed with the Workmen's Compensation Board an application for adjustment of claim against Buck Combs

in which she stated that the Bituminous Casualty Corporation was the employer's insurance carrier. She also filed with the Board for approval an agreement on Form S. F. 4, the standard form for agreement as to compensation. The agreement was signed by Alta Cody and Buck Combs, and contained the following provision:

"The terms of this agreement under the above facts are as follows:

"That the said Mrs. Alta Cody for herself and infant children shall receive compensation at the rate of $12.00 per week based upon an average weekly wage of $60 and that said compensation shall be payable every two weeks from and including the 11th day of April 1944 until terminated in accordance with the provisions of the Workmen's Compensation Law of the State of Kentucky."

The Bituminous Casualty Corporation intervened, and moved that the agreement on Form S. F. 4 be canceled and if that could not be done that the Board refuse to approve the agreement in so far as it affected or might affect the Bituminous Casualty Corporation. It was stated in the motion that the agreement was executed by Alta E. Cody and Buck Combs without the knowledge, consent or approval of the Bituminous Casualty Corporation, the employer's insurance carrier, and also that the decedent, W. M. Cody, had not accepted the provisions of the Workmen's Compensation Act in writing or otherwise, and the Board, therefore, was without jurisdiction. The Board referred the case to a referee for a hearing on the question as to whether or not the decedent had accepted the provisions of the Act. At the hearing Buck Combs testified that he began operating the mine on January 3, 1944, and employed fourteen to seventeen men. W. M. Cody had been working at the mine less than two weeks when he received his fatal injuries. Combs did not keep a compensation register, and Cody never signed a register or card accepting the provisions of the Compensation Act. In the course of his testimony, Combs said:

"* * * the only thing I had to show the men that I was covered by compensation was I took out this policy through Bituminous Casualty Corporation under Fred Snyder. He was their agent at this time. Before I started operations I took this policy through him and

asked him what did I have to do to show the men that they were protected by insurance, you see. Well, he told me not anything except just go ahead and go to work, pay my premium. So I paid that and all I did was to take the men's names and Social Security number and start them working and send in my insurance premium at the end of each month."

He also testified that the insurance carrier sent him a printed notice to be posted at the mine showing that he had accepted the provisions of the Kentucky Workmen's Compensation Act and would operate thereunder on and after January 31, 1944. The insurance carrier did not send him a compensation register to be signed by the employees. The case was resubmitted on the proof taken before the referee, and the Board found "that William Cody, deceased employee of the defendant had not prior to his death elected to accept the provisions of the Workmen's Compensation Act, in the manner required by the Act." The Board declined to approve the agreement entered into by the employer and the widow of the deceased employee, and dismissed the application for adjustment of claim on the ground that it was without jurisdiction. The circuit court affirmed the award of the Board, and the widow and children of the deceased employee have appealed.

It is argued in appellants' brief that the agreement as to compensation entered into by the employer and the widow of the deceased employee was binding on the insurance carrier, and that the Workmen's Compensation Board should have approved the agreement since it provided for the payment of compensation to the dependents of the deceased in the exact amount prescribed by statute. Appellants cite several sections of the Kentucky Revised Statutes, including KRS 342.265, which provides in part, "if the employe and employer reach an agreement conforming to the provisions of this chapter in regard to compensation, a memorandum of the agreement shall be filed with the board, and if approved by it, shall be enforceable as is herein provided for the enforcement of awards of the board," and KRS 342.360, which provides that all policies insuring the payment of compensation shall contain a clause to the effect that the insurer shall in all things be bound by and subject to the awards, judgments or decrees rendered against the insured. These statutes apply only where both the

employer and employee have accepted the provisions of the Workmen's Compensation Act in the manner prescribed by the Act. Otherwise, the Workmen's Compensation Board is without jurisdiction to entertain the case and enter an award. Boone v. Willett Distilling Company, 285 Ky. 353, 147 S. W. 2d 693; Partin's Adm'r v. Black Mountain Corporation, 237 Ky. 556, 36 S. W. 2d 1; Kington Coal Mining Company v. Danberry, 228 Ky. 344, 14 S. W. 2d 1084. In their contention that the insurance carrier was bound by the agreement entered into by Alta E. Cody and Buck Combs and had no right to intervene in the proceeding before the Workmen's Compensation Board, the appellants overlook the fact that the insurance carrier is liable only to employees of its insured who have elected to operate under the provisions of the Act. Its liability cannot be extended after an accident by an agreement between the employer and the employee or, as in this case, between the employer and the deceased employee's widow. As said in McCune v. Wm. B. Pell & Bro., 192 Ky. 22, 232 S. W. 43, 47:

"Insurance companies and sureties on indemnity bonds or other bonds to secure the liability of the employer to pay compensation can be held bound only when the provisions of the act under which the bond is given have been complied with. The Compensation Act becomes a part of such contract of insurance and such contracts of indemnity or security just as if the terms of the act were written into said contract. So the matter of the evidence of the acceptance by the employe of the act is not simply a question between the employer and employe."

Appellants finally contend that appellee Bituminous Casualty Corporation is estopped from denying liability. The facts in the present case are very similar to the facts in McClary v. McClary, 274 Ky. 299, 118 S. W. 2d 687. There, as here, the employer did not have a register and the employee did not accept in writing the provisions of the Workmen's Compensation Act. The employer in the McClary case testified that his insurance carrier agreed to furnish all blanks and papers necessary under the Act; that it failed to furnish a compensation register; and that he did not know one was necessary or that the employee was required to accept the provisions of the Act in writing. It was held that there was no estoppel. To the same effect are Williams

v. Middle-West Roads Company, 295 Ky. 648, 175 S. W. 2d 136; Horn Transfer Line v. Reed, 287 Ky. 536, 154 S. W. 2d 344; and Boone v. Willett Distilling Company, 285 Ky. 353, 147 S. W. 2d 693.

The judgment is affirmed.