Henderson G. **RELIFORD**, Plaintiff,

v.

**EASTERN COAL CORPORATION**,
Defendant.

No. 434.

United States District Court
E. D. Kentucky, Pikeville Division.
March 26, 1957.

Dan Jack Combs, Pikeville, Ky., for plaintiff.

J. P. Hobson, Jr., Pikeville, Ky., for defendant.

SWINFORD, Judge.

The plaintiff, Henderson G. Reliford, is a coal miner. He entered the employ of the defendant on July 7, 1936, and continued in its employ as a coal miner in various capacities until June 28, 1951. On that date he retired from his employment for the reason, as he alleges, that he was totally and permanently disabled by the disease of silicosis. During the entire time of his employment he was a member of the United Mine Workers of America and that union was his bargaining agent. On April 1, 1941, the United Mine Workers entered into a contract with the defendant, Eastern Coal Corporation, which covered the rights of the plaintiff and other miners. This contract was renewed from time to time and in some respects upon renewal was amended. By the contract of 1947 a provision was added which continued in each renewal of the contract thereafter so long as the plaintiff was employed by the defendant.

This provision, which is largely the matter in controversy here, is as follows:

"Workmen's Compensation and Occupational Diseases"

"Each Operator who is a party to this Agreement will provide the protection and coverage of the benefits under Workmen's Compensation and Occupational Disease Laws, whether compulsory or elective, existing in the states in which the respective employees are employed. Refusal of any Operator to carry out this direction shall be deemed a violation of this Agreement. Notice of compliance with this section shall be posted at the mine."

At the time this provision was put into the contract the law of Kentucky provided that persons engaged under the conditions set forth in the contract should be subject to the benefits of the Workmen's Compensation Law of Kentucky, KRS 342.001 et seq., but that with respect to the disease of silicosis caused by the inhalation of silica dust, they could voluntarily subject themselves thereto as to such disease only after both the employer and employee had made voluntary application to the board in writing for the coverage of the Kentucky law. KRS 342.005.

It is further provided by the Workmen's Compensation Law, KRS 342.316, that the filing of claims and determination thereof and the compensation payable for disability due to such disease shall be the same as in cases of accidental injury under the general provisions of the Workmen's Compensation Law. The Act also provides for the giving of notice to the employer as soon as practicable after the employee has knowledge that he has contracted the disease and claim must be made upon the employer within three years from the last injurious exposure to silica dust. The employee must show that he was exposed to the hazards of the disease of silicosis in Kentucky for at least two years before his disability.

The record is not clear as to the exact date but evidently at the time of his em-

ployment and before KRS 342.005 and KRS 342.316 (enacted in 1944) became a part of the Law of Compensation, the plaintiff signed a Workmen's Compensation book or register kept by the defendant for the use of its employees, whereby he agreed to accept and work under the provisions of the Workmen's Compensation Law of Kentucky. The record further reveals that during the employment and prior to the time complained of in this action the plaintiff received an injury to his finger and was paid compensation for the injury under the provisions of the Workmen's Compensation Law.

Neither the plaintiff nor the defendant elected to operate under the silicosis provisions of KRS 342.005. The statute was never complied with during the term of the plaintiff's employment. The defendant explains its failure to take notice of the statute on the ground that it had been overlooked until it was called to its attention by the representative of the United Mine Workers in 1952. On March 1, 1952, the defendant sought to avail itself of the provisions of the law and wrote a letter to the Workmen's Compensation Board, Commonwealth of Kentucky, Frankfort, Kentucky, wherein it stated that it voluntarily subjected itself to the provisions of KRS 342.316.

Within a few weeks after he left the defendant's employ, the plaintiff was advised by three physicians, after examinations, that he was suffering from silicosis and that the disease was the cause of his inability to longer continue manual labor. On October 30, 1951, the plaintiff, by his agent, wrote a letter to the office of the defendant in which it was pointed out that in early October 1951 examinations of the plaintiff had been made by three doctors and his case diagnosed as silicosis. The letter further asked that the plaintiff be advised at the earliest convenience what settlement could be made of the case. The defendant, by its agent, Mr. A. R. Thompson, took the plaintiff to Louisville, Kentucky, and on April 22, 1952, he was given a thorough physical examination by Dr. Oscar Miller who diagnosed the case as negative insofar as silicosis or other compensable disease was concerned.

On October 23, 1952, the defendant, by its agent, Mr. Thompson, sent a letter to Mr. E. H. Gibbs of the United Mine Workers, who had importuned the defendant in behalf of the plaintiff, in which it stated that it was of the opinion that the plaintiff was not disabled because of silicosis and it did not feel it owed him (Mr. Reliford) any compensation for silicosis.

The plaintiff states that from time to time he saw Mr. Thompson, the defendant's agent and discussed his condition, but Mr. Thompson states that he did not hear anything from Mr. Gibbs or any other person after the letter of October 23, 1952, until March 2, 1955. On that date Mr. Gibbs again wrote to the defendant by addressing a letter to Mr. Thompson in which he set forth that he had written several letters but had received no reply and in which he asked that the defendant review the record and advise of the possibility of a settlement of the plaintiff's claim.

No claim for compensation benefits was ever filed with the Workmen's Compensation Board of Kentucky. The only explanation given for failure to make claim is that the plaintiff was informed by the Board that it did not have jurisdiction of his case because the defendant had not filed an election to operate under the silicosis provisions of the Workmen's Compensation Act. The plaintiff took no further steps to establish his claim or to recover compensation until this action was filed on March 6, 1956. He now contends that by reason of the failure of the defendant to elect to take proper steps to bring it and its employees under the silicosis provisions of KRS 342.316 it violated its agreement to provide protection and coverage for him and by that failure he has been damaged in the amount he would have been awarded by the Compensation Board for total and permanent disability, medical expense, and attorney's fees.

The defendant contends that the plaintiff's claim should be denied and the complaint dismissed on several grounds as follows: that the defendant could not accept or qualify under the provisions of KRS 342.316 for the protection of the plaintiff without the voluntary joint acceptance in writing by the plaintiff himself and since the plaintiff had failed or refused to make application for the benefits of the statute, the defendant was not bound by the requirement in the contract; that the contract provided for enforcement of compliance by action on the part of the plaintiff's bargaining agent and where no effort was made to require the defendant to perform the terms of the contract by appeal to the grievance committee or by strike, it cannot be held to be in violation of its agreement; that the action set forth in the complaint is not an action on a contract but is a common law action for personal injuries and is barred by the one year statute of limitation, KRS 413.140; that any claim for compensation should have been made within one year after the injury complained of, KRS 342.270; that no claim or application for compensation can be considered in cases of the disease of silicosis unless notice is given that claim was made within three years after the last injurious exposure to silica dust, KRS 342.185, 342.316.

The plaintiff, relying for recovery upon the terms of the written contract, says that his action is not barred within fifteen years from the time the cause of action arose. KRS 413.090(2).

Under our system of jurisprudence for every wrong there is a remedy. The plaintiff has had numerous opportunities to seek a remedy for his alleged wrongs. It is apparent that there were a number of things he could have done. He could have brought an action at common law within a year after he learned that he had contracted silicosis. The record discloses that he was advised by his doctors of that fact, possibly as early as August 18, 1951, and certainly before October 30, 1951, which was the date of the letter to the company.

He could have made claim within three years after his last exposure. The date of his last exposure to injury might be considered the date he quit work which was June 28, 1951. It is thus seen that the plaintiff could have filed for his injuries as late as June 27, 1954.

The plaintiff had a right to assert his claim before the Compensation Board if he was of the opinion that he had sufficiently complied with the silicosis provisions of the Workmen's Compensation Law by registering at the beginning of his employment in 1936. He should have filed his claim before the Workmen's Compensation Board and had that agency determine the question of estoppel on the ground that the company had not complied with its contract. The plaintiff and the defendant are each charged with knowledge of what the wage contract contained and if the plaintiff believed that he was properly registered for all the compensation provided by the terms of the contract, the defendant could not defeat his claim by its failure to register with the compensation board. If he had been led or lulled into a false position of security by it, equity would not permit the defendant company to take advantage of its own negligence in overlooking the statutory requirements. Sunlight Coal Co. v. Floyd, 233 Ky. 702, 26 S.W.2d 530.

On March 1, 1952, the defendant elected to come under the Act by a letter to the Workmen's Compensation Board. There is nothing in the record to indicate that any step was taken by its employees to join in this election. It may be assumed that the defendant now considers itself subject to answer to an injured employee under the silicosis provisions of the statute by a proceeding before the Workmen's Compensation Board. Consequently, since the plaintiff claims that he was subject to the benefits of the law by reason of his registration and the defendant became subject to the provisions of the law by reason of its registration on March 1, 1952, there was a period of time from March 1, 1952, until the three year statute of limitation

expired on June 27, 1954, in which both the plaintiff and defendant had elected to operate under the silicosis provisions of the statute. The plaintiff could have filed his claim and made all the questions he now makes in this court before the Compensation Board.

Had he made such a claim it would undoubtedly have been answered by the defendant that no claim would lie for silicosis injury prior to its election and since the injury to plaintiff was during his employment which had terminated some months before March 1, 1952, there could be no claim for the silicosis injury. Such a position would have raised the serious question of giving the election of the defendant a retroactive effect. It would then have been for the board to determine whether that was a compliance with the statute in such a way that the plaintiff's claim could be considered. I do not suggest that the claim should under such circumstances be said to be within the requirements of KRS 342.005 but certainly the question of estoppel against the defendant for failure to earlier make its election and thereby comply with the terms of the wage agreement of 1947 would be much stronger than it is in this action.

What I have said heretofore has been with the idea of pointing out to the plaintiff his negligence in failing to present his claim to the Workmen's Compensation Board. I am not stating that the Board would have sustained his position but that was the proper forum in which his rights should have been determined. All legal reasoning addressed to the court in support of his claim in this plenary action on the contract could have been made with greater force while the claim was fresh. Had the Board refused to take jurisdiction the record could have been made of the facts on which the plaintiff now relies for a recovery and the ruling of the Board reviewed on appeal to the Kentucky court. KRS 342.-285(3) (c), (4); Harvey Coal Corporation v. Morris, 314 Ky. 781, 237 S.W.2d 70.

However, the plaintiff did not seek to avail himself of the administrative remedies provided by the Workmen's Compensation Law. He did not prosecute an action at common law to recover against the employer for failure to provide a safe place in which to work. He brought this action on the contract and in order to determine his rights as a party to the wage agreement of July 1, 1947, in the light of the provisions of KRS 342.005, it is necessary for the court to construe the provisions of that statute.

■ It would serve no purpose to review the reasons for the Kentucky Legislature to attempt by statute to fix the respective rights of employers and employees in silicosis cases, except to point out that medical science, as reflected in the decisions in the cases in this and other states, has recognized as a scientific fact the difficulty of diagnosis and the fact that the disease may or may not grow progressively worse under a change of conditions. The Legislature gave a three year period from the last exposure for the employee to have his case diagnosed as silicosis before his claim was barred. Claim could be made by following a simple procedure under the Workmen's Compensation Act. It must be recognized that the Workmen's Compensation Laws are nothing new or novel to either the employer or employee. They have long been a part of our Kentucky procedure. They give rights to contracting employers and employees that are not given them by the common law or other statutory enactments. As a condition for these rights there are certain requirements. These requirements must be observed, respected and followed. It is the duty of courts to enforce these statutory obligations and not to substitute lesser requirements by judicial fiat.

■■ The following language from McNeese Construction Company v. Harris, Ky., 273 S.W.2d 355, 357, lays down the rule by which this court is bound:

"Our Workmen's Compensation Act is optional or elective rather than compulsory. The relationship established is contractual in nature. This is necessary in order for the Act to stand the test of constitutionality. Greene v. Caldwell, 170 Ky. 571, 186 S.W. 648, Ann.Cas. 1918B, 604; McClary v. McClary, 274 Ky. 299, 118 S.W.2d 687.

"It is important to note this case arose before the amendment of KRS 342.395 in 1952. Ch. 82, Acts of 1952.

"If either the employer or the employee rejected or did not manifest his election in accordance with the terms of the statute, they were not applicable, even though both intended to operate and believed they were covered. Horn Transfer Line v. Reed, 287 Ky. 536, 154 S.W.2d 344; McClary v. McClary, supra, 274 Ky. 299, 118 S.W.2d 687."

In the case of Cody v. Combs, 302 Ky. 596, 194 S.W.2d 525, an employee was fatally injured. The employer had taken out insurance coverage but the employee had done nothing. It was held that a Workmen's Compensation insurance carrier is liable only to employees of its insured who have elected to operate under the act and its liability cannot be extended after an accident by agreement between the employer and employee or between employer and the deceased employee's widow. That would seem to be a much stronger case than the case at bar.

At the time of the contract of July 1, 1947, the provisions of KRS 342.005, Acts of 1944, Ch. 82, became a part of the contract of employment between the plaintiff's bargaining agent on behalf of the plaintiff and the defendant. It was the duty of the defendant to join with the plaintiff in making the written application to the board to be included in the class of employers and employees subject to the provisions of the Workmen's Compensation Law. The terms of the contract requiring the operator to provide protection and coverage of the benefits of that law was within the knowledge of both contracting parties and there was a mutual obligation to comply with the provisions of the statute. It would be an unreasonably strained construction of the contract to say that either the operator or the employee was responsible for initiating or proposing the joint writing. It was not a question of the operator having a choice. Under the terms of the contract it was compelled to join in the writing with the employee. The employee did have a choice. He was not compelled either by the contract or the law to come within the provisions of the statute. As is pointed out in Greene v. Caldwell, 170 Ky. 571, 186 S.W. 648, Ann.Cas.1918B, 604, he had the right of election to determine for himself which he would prefer, the statutory or common law protection. To place the responsibility of initiating or proposing the joint writing upon one party to the contract for the benefit of the other party to the contract who had taken no steps to comply with the statutory requirement of joint action would, it seems to me, be injecting an entirely new principle into the law of contracts.

Much that is said in briefs about the provisions of the contract whereby the plaintiff's bargaining agent, the union, could have required the defendant to fulfill its agreement to provide the coverage is beside the point. All that was necessary for the plaintiff to do was to report to the Workmen's Compensation Board that he wanted to avail himself of the provisions of the law dealing with occupational diseases and he was thereby making application even though the employer had not individually or jointly filed a written request. His failure to do so precludes him from now claiming that the employer failed to do the same thing under the terms of the contract that the law required both him and the employer to do before the requirements of the statutory law could

784

affect or supplant the rights of each of them under the common law.

The plaintiff argues that the duty of providing the protection, coverage and benefits under the Workmen's Compensation Act of Kentucky was by the express language of the contract placed exclusively on the employer. This reasoning is clearly fallacious and runs directly counter to the provisions of the statute. Had the plaintiff or his bargaining agent, before the injury, sought a mandatory injunction to require the operator to take steps to comply with the provisions of the contract to give the coverage it provided, a court of equity would immediately have inquired whether or not the complaining party had complied with requirements as to him or it under the law and would not have granted the relief asked until it was shown that the employee had joined or offered to join with the employer in making a written application to the board. The contract, insofar as giving the plaintiff the benefits, if any, of the compensation law, did not and could not relieve him of the requirements of the statute. It was just as important that he apply in writing as it was that the defendant apply in writing and until he made application he had no cause of complaint because he had no right of recovery before the compensation board.

█ Recognizing the difficulties which might arise by requiring a positive election, the Kentucky Legislature, by an amendment to KRS 342.395, provided that in the event the employer elected to operate under the Act that every employee was deemed to have accepted all of its provisions and to be bound thereby unless he filed written notice to the contrary with his employer prior to injury. Ch. 82, Acts of 1952.

Counsel for the plaintiff cites and emphasizes in support of his claim this section of the statute. But it must be noted that the case at bar arose before this amendment and it can therefore have no application here.

Since neither the employer nor employee manifested his election in accord-

ance with the terms of the statute, neither of them can claim under the statute.

The complaint should be dismissed and an order to that effect is this day entered.