William Dean PLUNKETT, Appellant,

v.

Rex JONES et al., d/b/a, etc., et al., Appellees.

Court of Appeals of Kentucky.

March 27, 1970.

Fowler, Rouse, Measle & Bell, Lexington, for appellant.

James S. Wilson, Paris, for appellee.

STEINFELD, Judge.

Appellees, Jones Brothers, were engaged in what is sometimes known as "custom farming". Their employees went from farm to farm and performed certain specified farming tasks such as baling hay and picking corn. Jones Brothers supplied machinery and manpower to perform these tasks. Appellant, Plunkett, one of its employees, suffered severe injury to his hand while he was operating a mechanical corn picking machine which he says is a type of threshing machine. He filed a claim for benefits with the Workmen's Compensation Board, but his application was dismissed on the ground that the board had no jurisdiction to consider the claim. On appeal to the circuit court the board was affirmed. From that judgment Plunkett appeals. We affirm.

Appellant admits that his employer had never elected to operate under the provisions of the act but he argues that those engaged in the type of business which Jones Brothers was conducting, that is, operating " * * * threshing machines used in threshing or hulling grain or seeds * * * " are automatically bound by the act. KRS 342.005(1). He contends that the work he was doing was embraced within that statute. He cites Bob White Packing Company v. Hardy, Ky., 340 S.W.2d 245 (1960), and other cases which he argues support his position. In Hardy the question at issue was whether the employee was excluded from the act although the employer was under it. We find that citation and the other cases he refers to not to support his contention.

The original Workmen's Compensation Act was held to be unconstitutional because of its compulsory aspects. Kentucky State Journal Co. v. Workmen's Compensation Board, 161 Ky. 562, 170 S.W. 437, 1166 L.R.A.1916A, 389 (1914). The present act eliminated the compulsory features, therefore it was held not to abridge the constitution. Greene v. Caldwell, 170 Ky. 571, 186 S.W. 648 (1916). Several times since that decision we have clearly announced that the present act is purely elective and liability of the employer for benefits and the right of the employee to obtain them do not exist until they voluntarily accept it. McCune v. Wm. B. Pell & Brother, 192 Ky. 22, 232 S.W. 43 (1921); McClary v. McClary, 274 Ky. 299, 118 S.W.2d 687 (1938); Cody v. Combs, 302 Ky. 596, 194 S.W.2d 525 (1946); McNees Const. Co. v. Harris, Ky., 273 S.W.2d 355 (1954); Smith v. Supreme Feed Mills, Ky., 291 S.W.2d 830 (1956) and Reliford v. Easten Coal Corp., D.C., 149 F.Supp. 778, affd. 6 Cir., 260 F.2d 447, cert. den. 359 U.S. 958, 79 S.Ct. 797, 3 L.Ed.2d 765 (1958).

To construe the provisions of KRS 342.005(1) as appellant contends would bring about an unconstitutional interpretation. Whether Jones Brothers were engaged in a hazardous venture or Plunkett in a hazardous occupation embraced within KRS 342.005(1) is not determinative. The failure of the employer to accept the act deprived the board of jurisdiction.

The judgment is affirmed.

All concur.