SHEVCHENKO *v.* DETROIT UNITED RAILWAY.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION — JURISDIC-
TION TO MAKE AWARD.

    Claimant was injured while he was employed by the de-
fendant as a common laborer and made application for an
award under the workmen's compensation act.  The in-
jury took place before the employer had filed its notice of
intention to take the benefit of the statute.  *Held,* that
the filing of such notice was essential to the jurisdiction
of the accident board, and unless the employer consented
to the proceedings they were invalid.

2. SAME—NOTICE—INDUSTRIAL ACCIDENT BOARD.

    No right to recover for personal injuries that may have oc-
curred before the filing of the statutory application and
its approval by the accident board existed without the
employer's consent.

3. SAME—CONSENT.

    The fact that the employer did not object formally to the
jurisdiction of the Industrial Accident Board until the en-
try of the decree did not warrant the granting of an
award, when it was made to appear that the point was
brought up and discussed at the close of claimant's testi-
mony before the board and was raised before the arbitra-
tion committee.

Certiorari to the Industrial Accident Board.  Sub-
mitted October 27, 1915.  (Docket No. 157.)  Decided
December 21, 1915.

Jacob Shevchenko presented his claim for an award
under the workmen's compensation act.  From the
award made, the Detroit United Railway brings cer-
tiorari.  Reversed.

*Corliss, Leete & Moody* and *Benjamin S. Pagel,* for appellant.

*Rosenberg, Cornelius & Ring,* for appellee.

Claimant was a common laborer, employed by the respondent railway company, and claims he was injured October 7, 1912, in the course of his employment. As appears by the affidavit for the writ of certiorari and the return to the writ, on November 17, 1914, he filed with the Industrial Accident Board an application for adjustment of claim for the injuries he had received, in which he stated that his injury was received October 7, 1912. A copy of the application was served on respondent, with notice from the board to appoint an arbitrator. Respondent appointed an arbitrator, claimant appointed one, and these, with a member of the board, constituted a committee which met December 22, 1914. Claimant and respondent were represented by counsel. Testimony was introduced by claimant, and was concluded. None was introduced for respondent. A colloquy ensued, in the course of which the chairman inquired of counsel for respondent:

"Does the Detroit United Railway claim that they were not under the act at the time?"

—and counsel replied:

"As I understand it, I have been told that they were not. I can say positively that we were not at the time."

The chairman said:

"Well, if that question was brought up, I want time to investigate it.

"*Mr. Pagel:* Of course, if we are under the act, it is a different situation.

"*Chairman Gloster:* I would like to make the suggestion that if you will both present your cases complete, we will postpone this argument until some other day, or until this matter is looked up. * * *"

An adjournment for two days was taken, and on the adjourned day, as appears by the return, no further proofs were offered, and an award was made in favor of claimant. It is further certified in the return that respondent—

"elected to come under the terms of the workmen's compensation law on the 23d day of December, 1912, of which election this board was duly notified by letter of respondent of the same date, and that upon the 27th day of December, 1912, this board notified the said respondent * * * of the acceptance by the said board of the offer of the said respondent. * * *"

Respondent claimed a review upon the ground that the proofs produced at the arbitration hearing conclusively show that respondent had not accepted and come under the terms of the aforesaid act at the time of the alleged injury to claimant. A review was had, and the award was affirmed. An opinion of the board is returned, to the effect that the sole ground of "appeal" is as above stated, and that:

"In the correspondence before the case was set for arbitration, respondent treated it as an accident occurring while the company was under the compensation law. At the arbitration respondent appeared and defended on the merits, going through to the end of the hearing without raising the question, and then it was only raised in colloquy between the attorneys and the chairman of the committee on arbitration; no proof whatever being offered. The arbitration was held in the city of Detroit, and the records of the board, relating to the acceptance of the act by respondent, were at the offices of the board in the city of Lansing. There was no proof offered tending to show that the respondent was not under the act at the date of the accident, and respondent, having treated it as a compensation case, selected its arbitrator, and gone through the entire hearing without raising the question, was held to have waived the point."

It is stated in the petition for the writ of certiorari

that a copy of the letter of respondent to the board and the original letter of acceptance, dated December 27, 1912, were presented to the committee on arbitration; that the Industrial Accident Board erred in finding that respondent did not offer such proof and in holding that respondent had waived its right to raise the question by appointing an arbitrator.

OSTRANDER, J. (*after stating the facts*). The necessity for a construction of the provisions of Act No. 10, Extra Session 1912, which will enable both employer and employee to know when the act does and when it does not apply, was illustrated in *Bernard* v. *Traction Co.*, 188 Mich 504 (154 N. W. 565), and is again illustrated in this proceeding. In that case, the injury complained about was received at a date intervening the notice by the employer of election to be bound by the act and the date of the approval of the application by the board. The employer, presenting the facts, urged them as a defense to an action at law brought by the injured employee. It urged, further, and proved, that the plaintiff had given a notice to the board of a claim under the act. We held that the trial court was right in rejecting the defense. In doing so, we said:

"We are satisfied that if a new status was created between these parties, it must be by virtue of the terms of the statute."

It is clear that the relations existing between respondent and claimant when the injury was received were not affected by the workmen's compensation act, a fact which was known to the Industrial Accident Board when its final order was made. Jurisdiction to make the order was then challenged, and was challenged before the arbitration committee. Being disputed, it is plain that jurisdiction was not admitted, and was therefore a thing to be in some way made to.

appear before the board could make an award. The board possesses special and limited powers, defined in the act creating it. These powers it exceeded in making, or affirming, the award in question. Therefore the award must be, and it is, set aside.

BROOKE, C. J., and PERSON, KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.