# Taylor et al. v. Cornett Lewis Coal Co.

Jan. 19, 1940.

Napier & Napier for appellant.

William Sampson for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

On July 24, 1936, F. L. Taylor in the course of his employment by appellee, Cornett Lewis Coal Company, met his death in appellee's coal mine. . Shortly after Taylor's death the Company made a settlement of the claim for his death by paying to his administrator either $1,000 or $2,000, the exact amount paid or to be paid not being clear in the record. Sometime later the widow and infant children of Taylor, who are the appellants in this case, filed a claim on account of his death with the Workmen's Compensation Board for compensation under the Workmen's Compensation Act (Kentucky Statutes, Section 4880 et seq.). On the hearing of the claim before the Board the only issue was whether or not the deceased, Taylor, had accepted the provisions of the Act. The Board decided this issue in favor of the claimants and made an award of the maximum amount payable under the Compensation Act, to be credited by whatever sum the Company had paid the administrator. The Company appealed from that award to the Circuit Court which held there was no evidence authorizing the Board to find that the deceased had accepted the provisions of the Act, set aside the award and remanded the case to the Board with directions to it to enter an order setting aside the award and dismiss the claim for compensation. From that judgment of the circuit court the appellants prosecute this appeal.

The only evidence before the Board as to whether or not the deceased had accepted the provisions of the Act was the testimony of R. E. Lawson, President of

the Company, who was called by the appellants as a witness for them as under cross examination. He testified that the Company kept a "tight-leaf" compensation register which he produced in evidence and which he says was the only one kept by the Company. This register did not contain the deceased's name. He stated that the Company kept no other record than this register of those of its employees who had accepted the Act. It developed on the examination of this witness that the Company had been operating under the Compensation Act since the year 1934, employing from three to four hundred men during all that time. The compensation register produced by him contained only 13 names, these being all of the employees who had accepted the provisions of the Act since 1934. The information was elicited from this witness that pursuant to repeated requests of the Compensation Board the Company finally reported this accident to the Board some two months after it occurred, reporting at the same time that the deceased had not accepted the provisions of the Act. It was also proven by this witness that the Company regularly made reports to the Board of all accidents occurring at its mines where the injured workman had accepted the provisions of the Act.

The Board in making its finding that the deceased had accepted the provisions of the Act seized on the fact that after repeated insistence of the Board, report was made by the Company to the Board of the accident in question. The opinion of the Board recites that as the witness Lawson had stated that he made reports to the Board of accidents to workmen who had accepted the Act, the fact that he had reported the accident in question was evidence that the deceased had accepted the provisions of the Act. It is perfectly obvious that that which was accepted by the Board in this manner to be evidence was no evidence at all and would not justify the Board's finding. The Company only reported this accident on the insistence of the Board and in making the report stated that the deceased had not accepted the provisions of the Act. The mere statement of the manner in which the report was made and its contents demonstrate that it is in no wise evidence against the Company and did not justify the Board in denominating something as evidence which was not in fact any evidence at all.

The Board in its opinion also sought to fortify its

finding by the fact that the Company in making settlement with the administrator did so by entering into an agreement on form 9, which is a form prescribed by the Board on which settlements are made. Concerning this we may say that if the agreement or settlement was entered into on form 9 that fact does not appear in the evidence in any manner whatever and the Board in making its finding may act only on the evidence introduced in the case. The fact that an agreement of settlement, signed by the administrator, was filed with the Board is no evidence whatsoever that a settlement between the parties had been made under the Compnsation Act bcause the administrator has no claim by virtue of the Compensation Act, such a claim being vested only in the dependents of a deceased workman. For the same reason such a settlement is not evidence that the deceased had accepted the provisions of the Act.

As the two circumstances above mentioned constituted the only basis of fact on which the Board predicated its finding and as these circumstances do not amount to any evidence whatever that the deceased accepted the provisions of the Act, it is apparent that the finding of the Board that he had done so is not sustained by any evidence.

The Board, however, determined that the 1936 amendment to Section 4957, Kentucky Statutes, Section 74 of the Compensation Act (Acts 1936-37, 4th Ex. Sess., c. 25, Section 6), was applicable to this controversy although the deceased was killed prior to the effective date of that amendment. The amendment is as follows:

"Whenever, in the hearing of a claim for compensation on account of the death of an employee, it shall have been shown that at the time of the accident alleged to have resulted in the death of such employee, the employer had accepted and was operating under the provisions of this Act and that employee sustained such accident in the course of his employment, such evidence shall constitute prima facie proof that the deceased had himself duly accepted the provisions of the Act."

Using this amendment as a premise, the Board then says that it does not believe that the compensation register introduced in evidence was the only record used by the Company and apparently proceeds to find that such

evidence was insufficient to overcome the prima facie presumption created by the quoted amendment.

In answer to this position the Company insists, first, that the amendment is unconstitutional, and, second, that even if it is constitutional it is inapplicable to this controversy because the death of the deceased occurred prior to the effective date of the amendment.

We do not find it necessary, however, to decide either of these propositions advanced by the Company since, even though it be conceded for the sake of argument that the amendment is constitutional and applicable to this controversy, questions which are expressly not decided, we are still of the opinion that the finding of the Board was erroneous and not sustained by any evidence.

The only effect of the amendment is to create a prima facie presumption that the deceased had duly accepted the provisions of the Act when it is shown that he was working for an employer who was opertaing under the provisions of the Act. When this factual situation appears in evidence the presumption is then indulged that the deceased is operating under the Act. This does no more than shift the burden of proof to the employer. When the employer takes up this burden and introduces evidence sufficient to negative the operation of the prima facie presumption or to discredit it, it is then incumbent on the claimant to establish by some evidence before the Board that the workman had accepted the provisions of the Act. It has been held many times that the burden of proving by competent evidence all facts necessary to establish a claim for compensation is on the claimant. South Mountain Coal Co. v. Haddix et al., 213 Ky. 568, 281 S. W. 493; Bates & Rogers Construction Company and Workmen's Compensation Board of Kentucky v. Allen, 183 Ky. 815, 210 S. W. 467; Turner Day & Woolworth Handle Co. et al. v. Pennington, 250 Ky. 433, 63 S. W. (2d) 490; W. T. Congleton Company v. Bradley, 259 Ky. 127, 81 S. W. (2d) 912. The effect of the presumption created by the amendment was not to place the burden of proof in the sense of the ultimate risk of non-persuasion on the Company but only to shift to it the burden of meeting or explaining away the presumption and when such explanation is made the duty is upon the claimant to take up the burden which the law has cast upon him and intro-

duce some evidence before the Board that the workman accepted the provisions of the Act.

In this case the Company introduced in evidence the compensation register and the witness introducing it testified that this was the only record kept by the company of workmen who had accepted the provisions of the Act. This testimony was amply sufficient to overcome the prima facie presumption created by the amendment. The Board, it is true, said it did not believe this was the only record of acceptances of the Act kept by the Company, but this expression of opinion or belief was not based on any evidence whatsoever, but merely on suspicion, a suspicion aroused by the fact that only 13 men had signed the register. Suspicion cannot take the place of evidence. If any evidence at all had been introduced before the Board tending to discredit the record kept by the Company, the Board might have been justified in finding that some other record was kept. For instance, if employees of the Company whose names did not appear among the 13 on the register had testified that they had signed a compensation register or some other record of acceptance of the Act, this would have furnished a solid, tangible basis for the Board to make the finding or adopt the inference that the register was not the only record kept by the Company, but in the absence of any evidence whatever tending to discredit the record no such finding or inference could be justified. We are of the opinion that the production of the register which did not contain the deceased's name was sufficient to overcome the prima facie presumption created by the amendment in question and such being the case, the finding that the deceased had accepted the provisions of the Act is left unsupported either by evidence or presumption.

The appellants seek to bring the case within the rule announced in Sunlight Coal Company et al. v. Floyd, 233 Ky. 702, 26 S. W. (2d) 530; Junior Oil Company et al. v. Byrd, 204 Ky. 375, 264 S. W. 846, and other similar cases but those authorities have little application here. The effect of those decisions is that the parties may treat a case as falling within the provisions of the Workmen's Compensation Act and settle accordingly, and when they do so they will be bound by the settlement. In the latter case, after the employee was injured, the employer and its insurance carrier, knowing the facts, had the employee sign the compensation regis-

ter and agreed to pay him compensation and actually made payment therefor to the amount of $525, requiring him to sign the Board's receipt on form 17. It was held that the employer had waived the failure of the employee to sign the register and that the parties had by their agreement subjected themselves to the terms of the Compensation Act which they had a right to do. In the present case the payment made by the employer in settlement of the claim was to the administrator who is not entitled to compensation under the Act. Such payment, rather than indicating that the parties were operating under the Compensation Act, seems to indicate the contrary in that it was a settlement of the common law action for wrongful death. No fact appearing in this record indicates that either of the parties elected to settle under the Compensation Act.

We are of the opinion that the finding of the Board that the deceased had accepted the provisions of the Compensation Act is not sustained by any evidence. The judgment is therefore affirmed.