## Walker v. Lebanon Stone Co. et al.

March 10, 1950.

Rehearing denied May 12, 1950.

W. H. Spragens, Judge.

J. Walter Hardesty, Robert M. Spragens, and W. C. Edrington, for appellant.

James M. Graves and Davis, Boehl, Viser & Marcus for appellees.

JUDGE REES—Reversing.

This is an appeal from a judgment of the Marion Circuit Court affirming an award of the Workmen's Compensation Board dismissing appellant's application for compensation for an injury which he alleged he received while employed by the appellee, Lebanon Stone Company, a partnership composed of Lawrence Borders, Bernard Bland and J. B. Myers. The Board dismissed the application because, in its opinion, the applicant had failed to prove that the employer had elected to accept the provisions of the Workmen's Compensation Act, KRS 342.001 et seq., and was operating thereunder at the time of the alleged injury. On appeal to the Circuit Court the award dismissing the application was affirmed.

The Lebanon Stone Company was organized for the purpose of opening and operating a rock quarry on the land of Bernard Bland, one of the members of the partnership. Appellant, a carpenter, was employed in February, 1946. It was his duty to read the blueprints, lay out the quarry and to supervise and assist in the construction of the rock bin. He claims that he was injured in April, 1946, while assisting in the construction of the bin. He described the accident as follows: "They were pulling up an eight by ten timber—green oak—and these boys on top were about to let it get away from them and I grabbed a two by six and put under it and give a shove and twisted my back and it kept getting worse and worse."

He continued to work regularly at the rock quarry until some time in August, 1946. On August 12, 1946, he was operated upon by Dr. Everett G. Grantam of Louisville, Kentucky, for removal of a portion of the disc between the fourth and fifth lumbar vertebrae. He began working as a carpenter for J. W. Thomas, a building contractor, in October, 1946, and worked irregularly until March, 1947, when he began working regularly. He was paid $1.25 an hour, the same rate of pay received by him when he worked for appellees. He filed an application for adjustment of his claim with the Workmen's Compensation Board on January 7, 1947. Apparently he had not theretofore made any specific claim for compen-

sation, and had not requested the appellees to pay any of his hospital or medical bills. Appellees, by their evidence, defended on the theory that the proof of an accident or resulting injury was insufficient to merit an award, and that in no event did appellant suffer permanent disability as a result of the alleged injury. After the evidence was completed and the case submitted, it was argued that appellant had failed to prove that appellees had elected to accept the provisions of the Workmen's Compensation Act. The referee of the Board in an award and opinion filed June 1, 1948, awarded appellant compensation on the basis of total permanent disability plus medical expenses of $200. Motion for a full Board review was made, and on June 6, 1948, the Board dismissed appellant's application on the ground that it was without jurisdiction since appellant had failed to prove that his employer had accepted the provisions of the Workmen's Compensation Act. The evidence on this point is slight, but we consider it sufficient to raise the presumption that appellees were operating under the Act. On his direct examination appellant was asked these questions and made these answers:

"Q. At the time you went to work there, did you sign any paper? A. Yes.

"Q. Describe * *. * A. I signed Workmen's Compensation."

Later this occurred:

"Q. I believe you stated at the time you accepted your position that you signed the Workmen's Compensation? A. Yes, sir, I signed the Workmen's Compensation; yes."

Anyone present necessarily understood that appellant was saying he signed appellees' workmen's compensation register. It is fair to assume that they had elected to operate under the Act if they had a register which was being signed by their employees. It is argued that the employee should have proved that his employer was operating under the Act at the time of the alleged accident, but proof that the employer had accepted the provisions of the Act and that the employee likewise had accepted its provisions shifted the burden to the employer to show either that it had not elected to operate under the Act or prior to the accident had withdrawn

its election in the manner prescribed by KRS 342.405. Although the claimant, under the Workmen's Compensation Act, has the burden of proving by competent evidence all facts necessary to the establishment of his claim, Kentucky Utilities Company v. Hammons, 284 Ky. 437, 145 S. W. 2d 67, yet we think the evidence here was sufficient to establish a prima facie case of jurisdiction by the Board. The circuit court should have remanded the case to the Board with directions to determine whether the appellant had suffered an injury in an accident arising out of and in the course of his employment, and if so to determine the extent of his disability.

Appellant argues that the employer, under the facts of the case, is estopped from insisting that there was a failure of proof in respect to its election to operate under the Act, but we do not reach that question. Appellant also insists that the award and opinion of the referee filed on June 1, 1948, was approved by the full Board on that day and therefore constituted an award by the full Board and was a final disposition of the case, subject only to the right of appeal to the circuit court within the 20-day period prescribed by the Act. KRS 342.285. The Act provides that the Board or any of its members shall hear the parties and their representatives and witnesses and make an award. KRS 342.275 concludes: "The award, together with a statement of the findings of fact, rulings of law and any other matters pertinent to the question at issue shall be filed with the record of proceedings, and a copy of the award shall immediately be sent to the parties in dispute."

KRS 342.280 provides that the full Board, if the first hearing was not held before the full Board, shall, if an application for review is made within seven days from the date of the award, review the evidence or, if deemed advisable, hear the parties at issue, their representatives and witnesses and make an award and file it as specified in KRS 342.275. These sections contemplate a hearing and decision by the full Board if desired by one of the parties. The record in the present case is not clear as to just what transpired. An order entered on the day the referee's award and opinion was filed tends to indicate that it was approved by the full Board, but apparently the award and opinion of the referee filed on June 1, 1948, was not considered and ap-

628

proved by the full Board on that day since we find the following in the award and opinion of the full Board filed on June 6, 1948:

"On June 1, 1948, an opinion and award by Hon. W. J. Chumbley, Referee of this Board, rendered judgment in plaintiff's favor, awarding him compensation for total permanent disability.

"Defendant has filed its motion for a full Board review."

After the referee's opinion was filed on June 1, 1948, the employer moved for a full Board review which was promptly granted. The Board and the parties treated the opinion and award filed June 1, 1948, as the opinion and award of the referee and not as an award of the full Board. The opinion and award of the referee was approved in a routine manner without any intention on the part of the Board to make it a final award of the full Board. Appellant's argument that the award of June 6, 1948, should be set aside and the award of June 1, 1948, reinstated cannot be sustained.

For the reasons heretofore indicated, the judgment is reversed with directions to remand the case to the Workmen's Compensation Board for proceedings consistent herewith.