## Iori v. Iori et al.

March 21, 1950.

Ray L. Murphy, Judge.

Ginocchio & Ginocchio, Louis A. Ginocchio and Lawrence V. Drahman for appellant.

James B. Milliken, Davis & Farley, and Ware & Ware, for appellees.

JUDGE CAMMACK—Affirming.

The appellant, who is the widow and sole dependent of Joseph L. Iori, sought to recover benefits for his death under the Workmen's Compensation Act, KRS 342.001 et seq. The claim was denied by the Referee, the full Board and the lower court.

At the time he met his death the deceased was connected with Louis J. Iori & Sons. That firm was engaged in the construction of a new flood wall at Newport, Kentucky, and was operating under the second of two contracts with the W. L. Johnson Construction Company, the principal contractor on the project.

The parties stipulated that the principal questions in the case were (1) was deceased a partner or an employee of Louis J. Iori & Sons? and (2) was deceased an employee of the W. L. Johnson Construction Company? This was deemed necessary because of the peculiar facts existing in the operations at the time death occurred. The deceased was found to be an employee of Louis J. Iori & Sons, and no complaint is made by the appellant of that finding. However, it was also found that the deceased had not accepted the terms of the Workmen's Compensation Act, in that he did not sign the notice required by KRS 342.395, subsections (1) and (2). This determination having been made, jurisdiction of the matter was declined by the Board. That finding, with the ensuing consequences, constitutes the gravamen of the assigned error upon this appeal.

Louis J. Iori & Sons had accepted the Act and were covered by compensation insurance, but the Ohio agent who issued it was unfamiliar with Kentucky law, and the usual compliance register was not furnished for employees' signatures until after the death of the deceased. This fact is reflected in the following stipulation, which was made contemporaneous with those mentioned previously: "It is further stipulated and agreed, that Joseph L. Iori, the deceased, and all others on the pay rolls of Louis J. Iori & Sons and the W. L. Johnson Construction Company had not signed employees' registers until after the accident complained of in this case, and that the reason for all of which will be supplied by testimony hereinafter taken."

In the absence of positive proof of compliance with the provisions of KRS 342.395, subsections (1) and (2), and in the light of the foregoing stipulation, the alleged erroneous finding was made. The appellant contends that the presumptive provision of KRS 342.395, subsection (3), should control in this situation, as there was no positive proof of non-compliance. That section provides: "Whenever, in the hearing of a claim for compensation on account of the death of an employee, it has been shown that at the time of the accident alleged to have resulted in his death, the employer had accepted and was operating under this chapter and that employe sustained the accident in the course of his employment, this evidence shall constitute prima facie proof that the deceased had himself duly accepted the provisions of this chapter."

We think the appellant is in error. It is true that in Taylor v. Cornett Lewis Coal Co., 281 Ky. 366, 136 S. W. 2d 21, 24, we held the foregoing section shifted the burden of proof to the employer to meet or explain away the presumption of acceptance; but in the instant case the stipulation met the statutory presumption. In the Taylor case it was said: "* * * When the employer takes up this burden and introduces evidence sufficient to negative the operation of the prima facie presumption or to discredit it, it is then incumbent on the claimant to establish by some evidence before the Board that the workman had accepted the provisions of the Act. It has been held many times that the burden of proving by competent evidence all facts necessary to establish a claim for compensation is on the claimant. * * *"

No element of estoppel is present. The Board was correct in refusing jurisdiction. Kington Coal Mining Co. v. Danberry, 228 Ky. 344, 14 S. W. 2d 1084.

Judgment affirmed.