**McNEESE CONSTRUCTION COMPANY, Appellant,**

v.

**Delcie HARRIS et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 3, 1954.

John P. Sandidge, Woodward, Hobson & Fulton, R. I. McIntosh, Louisville, for appellant.

C. A. Cameron and Maddux & Cameron, Cookeville, Tenn., for appellees.

STANLEY, Commissioner.

This workmen's compensation case involves a question of the acceptance of the provisions of the Act, KRS 342.001 et seq.

Willis D. Harris, an employee of the McNeese Construction Company, engaged in erecting a building in Paducah, was accidently struck on the forehead with a hammer by a fellow employee. This occurred May 14, 1951. He was given first aid treatment and continued to work until June 7, when he quit to go to his home in Clarksville, Tennessee. The next day in Nashville Harris suffered further injury about the head and was placed in a hospital where he died on June 24. The Compensation Board found that his death resulted from the injury he received during his

employment by McNeese and awarded his family the aggregate sum of $8,500 compensation, plus $2,500 hospital and medical expenses (although it appears he incurred none) and $300 funeral expenses. The award was confirmed by the circuit court.

The appellant concedes there was some evidence to support the finding that Harris' death was caused by the injury. But it contends neither it nor the employee had accepted the provisions of the Kentucky Workmen's Compensation Act.

The company's headquarters were in Tennessee. It moved its equipment into Kentucky in December, 1950. It was not then familiar with our practices and was not advised of the necessity of filing with the Kentucky Workmen's Compensation Board notice of its acceptance of the provisions of our Act and did not do so until July 28, 1951. However, the company had added the names of its men at work in Kentucky to its insurance register kept in Tennessee and paid premiums thereon. On July 28 the company filed with the Board its form No. 1, which follows the form laid down in KRS 342.390. In the space provided for insertion of the date on which the election was to be effective was written, "1st day of April, 1951." Thus, there was an attempt to make acceptance retroactive. This date, it will be observed, antedated Harris' injury, but the date of filing of the notice was 78 days after the accident and 37 days after his death.

■ All parties agree there is no element of estoppel in the case. Claim to compensation rests on waiver, the elementary legal definition of which is the intentional, voluntary relinquishment of a known right, which may imply a purpose to forego some advantage which a party might at his option have demanded and insisted on. Ballentine, Law Dictionary. The concept of waiver seems to be that by making retroactive the effective date on which the company desired to come under the Act, it waived any right to claim the injury was not covered.

■ Our Workmen's Compensation Act is optional or elective rather than compulsory. The relationship established is contractual in nature. This is necessary in order for the Act to stand the test of constitutionality. Greene v. Caldwell, 170 Ky. 571, 186 S.W. 648, Ann.Cas.1918B, 604; McClary v. McClary, 274 Ky. 299, 118 S.W.2d 687.

It is important to note this case arose before the amendment of KRS 342.395 in 1952. Ch. 82, Acts of 1952.

■ If either the employer or the employee rejected or did not manifest his election in accordance with the terms of the statute, they were not applicable, even though both intended to operate and believed they were covered. Horn Transfer Line v. Reed, 287 Ky. 536, 154 S.W.2d 344; McClary v. McClary, supra, 274 Ky. 299, 118 S.W.2d 687. The statute not only prescribes the procedure and forms for acceptance of the Act by the employer, KRS 342.390, but as well, before amendment, prescribed the manner in which the employee's notice of acceptance should be manifested. It was by the definite written agreement set forth in KRS 342.395.

In Shevchenko v. Detroit United Railway, 189 Mich. 421, 155 N.W. 423, a claim was filed with the Industrial Accident Board for injuries received October 7, 1912. During the course of the proceedings it was developed in an informal way that the employer had not elected to come under the terms of the Workmen's Compensation Act until December 23, 1912. The Board found that the employer, by having treated the case as an accident occurring while it was under the law without having raised the question, had waived the point. But the Supreme Court held that the relations existing between the respondent and the claimant when the injury was received were not affected by the Workmen's Compensation Act, that the Board had exceeded the special and limited powers conferred upon it by the statute and was without jurisdiction to make the award. The court set it aside. This case is noted for its

similarity to the case at bar. If the fact that the statutory form of application and notice provides for an effective date other than that on which it is filed be regarded as permitting a retroactive acceptance or election rather than prospective, it would seem to be to authorize an agreement to that effect, consummated by the employee signing the register or other necessary formal acceptance retrospectively. However, we pass over this matter insofar as it concerns the present employer and look to and rest our decision upon non-action of the deceased employee.

■ We have held that acceptance by signing the employees' register after receiving an injury cannot be given a retroactive effect to justify a claim to compensation, or, on the other hand, to avoid common law tort liability. Kouns v. Josselson Bros., 236 Ky. 379, 33 S.W.2d 346. And the same rule would seem to apply to an employer, although under certain conditions he may be estopped to deny responsibility. L. E. Marks Co. v. Moore, 251 Ky. 63, 64 S.W.2d 426.

■ The fact that McNeese Construction Company, the employer, had added the name of Harris, the employee, to its record (or policy, as the witness called it) does not fix responsibility under the Kentucky Compensation Act. In Cody v. Combs, 302 Ky. 596, 194 S.W.2d 525, 527, the employer had done nothing but take out an insurance coverage and the employee had taken no sort of action. After he had been fatally injured, his family and the employer entered into an agreed settlement of a claim for compensation and filed it with the Board for its approval. On the insurance carrier's objection, approval was denied because the workman had not elected to accept the provisions of the Act in the manner required by it. This decision was confirmed by the circuit court and affirmed by this court. We held on authority of previous cases that in the absence of acceptance by both parties, "the Workmen's Compensation Board was without jurisdiction to entertain the case and enter an award." We further held that the insurance carrier's liability could not be extended after the accident by agreement between the employer and employee or his representative.

The appellees rely on KRS 342.395(3) (before amendment) and argue that the reciprocal right and liability for compensation became effective by operation of a legal presumption. That section of the statute was that whenever "it has been shown that at the time of the accident alleged to have resulted in his death, the employer had accepted and was operating under this chapter and that employe sustained the accident in the course of his employment, this evidence shall constitute prima facie proof that the deceased had himself duly accepted the provisions of this chapter."

■ The purpose and effect of this statute was to shift the burden to the employer to meet or explain away the presumption. When he "introduces evidence sufficient to negative the operation of the prima facie presumption or to discredit it, it is then incumbent on the claimant to establish by some evidence" that the workman had accepted the provisions of the law. Taylor v. Cornett Lewis Coal Co., 281 Ky. 366, 136 S.W.2d 21, 24; Iori v. Iori, 312 Ky. 518, 228 S.W.2d 439. In the present case the Board found that it was not shown that the deceased either had or had not signed a register so they applied the rule of presumed acceptance. Whatever register this company may have had for its Kentucky employees, it had been lost. Two fellow workmen first stated they had signed such a register, but it is clearly shown by further examination that they had signed cards or papers relating to social security. It is made manifest, as we have stated, that during no part of the period in which the deceased, Harris, was employed on the job in Kentucky had the employer attempted to come within the Kentucky Compensation Statute. It filed statutory notice after his death. These very facts, it seems to us, constitute con-

clusive proof which overcomes any legal presumption that the employee had so registered.

.The family of the deceased employee proved a meritorious case for compensation insofar as proving his death was the result of an industrial accident. Of course, we are not concerned with the question of any extra-territorial operation of the Tennessee statute. Unfortunately, the claimants were not able to prove their husband and father was covered by the terms of the Kentucky Compensation Act. We are constrained, therefore, to reverse the judgment.

Judgment reversed.