Herman **COLLIER**, DBA Herman Coal Company, et al., Appellants,

v.

Joshua **WRIGHT**, Appellee.

Court of Appeals of Kentucky.

Oct. 28, 1960.

J. W. Craft, Jr., Hazard, for appellants.

Joseph Kuczko, Norton, Va., French Hawk, Whitesburg, for appellee.

WILLIAMS, Judge.

The appellee, Joshua Wright (hereinafter referred to as employee) filed application before the Workmen's Compensation Board claiming disability occasioned while working for the appellant, Herman Collier, doing business as Herman Coal Company (hereinafter referred to as employer). The application was made on the standard form furnished by the Board and was sworn to by employee. The employer did not file an answer, denial or special defense. The case was assigned to a referee who heard proof and made recommendation to the Board. The Board dismissed the claim of employee on the ground that there was no evidence that either of the parties was operating under the provisions of the Workmen's Compensation Act, KRS 342.001 et seq., at the time of the accident or injury. Appeal was taken to the Letcher Circuit Court, which court reversed the opinion and order of the Board and remanded the case with directions that each party be given a reasonable time to introduce proof on the question whether they had elected to come under the provisions of the Workmen's Compensation Act, and in the event that fact was established that the case be resubmitted to the Board for a determination of the disability, if any, suffered by employee, and for the entry of an opinion and award consistent therewith. This appeal results.

■ At the outset it must be noted that the employer did not enter into any stipulation of fact with the employee as is quite often done in workmen's compensation cases, and, consequently, no fact having been agreed upon, it was incumbent upon employee to prove everything necessary to sustain his case. There was only one bit of evidence touching upon the question of whether the employer had elected to come under the provisions of the Workmen's Compensation Act. The employee was asked the following question and made the following answer:

"Q. 18. Do you know whether or not that mine, during the time you worked there, was operating under the provisions of the Kentucky Workmen's Compensation Act?

"A. I don't know whether it was or not."

It has long been determined that the burden of proving by competent evidence all facts necessary to establish a claim for compensation is on the claimant. It is his duty to introduce some evidence that the parties are subject to the provisions of the Workmen's Compensation Act. See Taylor v. Cornett Lewis Coal Co., 281 Ky. 366, 136 S.W.2d 21, and the cases cited therein. The employee claims that, as a matter of fact, the employer had elected to come under the provisions of the Act, and had filed notice with the Board of such election. This claim is made in the brief filed by employee, but there is nothing to substantiate it in the record. Assuming that the statement of fact is true, nevertheless, we are not inclined to state that the Board should search its entire record each time a claim is made before it to determine whether or not the parties have elected to come under the provisions of the Act, or possibly have elected to do so at one time and have subsequently withdrawn that election. The claimant has the duty of proving his case. This Court has been quite lenient in permitting slight evidence on the question of whether the parties have elected to come under the provisions of the Act to shift the burden to the employer to prove that they have not so elected. Walker v. Lebanon Stone Co., 312 Ky. 624, 229 S.W.2d 163. In the case before us there was absolutely no proof that the employer had elected to come under the provisions of the Act. The Board is not required to guess as to its jurisdiction. It may act only on the evidence introduced in the case, and here it had nothing to even indicate that it was possessed of jurisdiction to determine the case.

■ Although we might be in sympathy with the effort of the circuit court to cor--

rect an apparent oversight in a trial of the matter before the Board, nevertheless, it is not within the court's discretion to supplement an omission which was not occasioned by the Board but which was brought about by the claimant.

The judgment is reversed, with directions that a judgment be entered affirming the order of the Workmen's Compensation Board.