**CITY OF PRESTONSBURG, Appellant,**

v.

**Marguerite GRAY, Individually, et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 16, 1960.

258

J. K. Wells, Paintsville, for appellant.

Robert Wellman, Joe P. Tackett, Tackett & Tackett, Prestonsburg, for appellees.

MONTGOMERY, Judge.

Amos Gray, the fire chief of the City of Prestonsburg, was shot to death by Vernon Blackburn, an old friend. Compensation was denied by the referee and the Workmen's Compensation Board on the claim of Gray's widow and infant children. The circuit court held the loss to be compensable; hence, this appeal. The parties agree that the only question presented is whether or not the death of Amos Gray arose out of and in the course and scope of his employment.

Blackburn had served as fire chief for several years prior to having been discharged. His father and other members of his family had held the job formerly. His discharge was brought about by his over-indulgence in alcoholic beverages and by his having beaten up the mayor in a fight. There was evidence that Blackburn drank a great deal and exhibited a mean disposition while drinking. On occasions he carried a gun, and in addition to beating up the mayor he struck another person in the face with his pistol.

One George Alley replaced Blackburn as fire chief and served briefly until Gray was employed. Before Gray accepted the job, he discussed it with Blackburn and sought his good wishes. The shooting occurred about one year after Blackburn's discharge.

On several occasions, Blackburn made statements indicating his resentment toward Gray for holding his former job as fire chief. Some of the statements were made while Blackburn was sober, others while he was drunk. About a month before and in the afternoon of the day of the killing, Blackburn made threats toward Gray. On one occasion, Gray was called by Blackburn's wife to assist in putting Blackburn to bed when he was drunk and uncontrollable. Later, Blackburn appeared to resent this as an interference in his domestic life. Otherwise, Gray and Blackburn continued on a friendly basis with almost daily contact.

While serving as fire chief, Gray and his family occupied quarters over the fire station. He was subject to call twenty-four hours a day. Blackburn and his family lived next door to the fire station. During this period, Blackburn had had other employment but he was unemployed at the time of the shooting.

On the evening of the shooting, Blackburn appeared in the kitchen door of Gray's quarters, gun in hand. "God Damn you Amos, I've come to kill you." was the announced purpose of his visit. Despite the pleas of Gray and his offers of money, his job, or anything that he (Blackburn) wanted, Blackburn mortally wounded Gray in the presence of his family. While on his knees, Gray pulled his pistol and fired several shots, fatally wounding Blackburn.

Appellant contends that: (1) The motivation of the assault can only be surmised; (2) the assault did not arise out of the employment even if motivated by resentment occasioned by Gray's holding Blackburn's former job; and (3) the Board's finding that the shooting resulted from a personal grievance is a finding of fact supported by substantial evidence which is conclusive and final. Appellees urge that if the assault is fairly traceable to an incident of the employment and is not the result of personal grievance unconnected therewith compensation should be allowed.

The referee and the Board found that the death of Gray resulted from personal grievances and did not arise out of and in the course of his employment within the meaning of the Act, KRS 342.001 et seq. The lower court, in finding the death to be compensable, held that "Said finding of fact being in direct conflict with the undisputed evidence * * * becomes in reality a question of law * * *."

■■ It is true that the basic facts here are largely undisputed. The undisputed facts do not establish whether Blackburn's motivation in shooting Gray was resentment at Gray's holding a job coveted by him, resentment at Gray for having assisted Blackburn's wife, the result of a mean disposition while drunk, or some other personal grievance. The matter of drawing inferences from undisputed evidence is a fact finding function of the Board, and the weight to be given to the facts is for it to determine. Elkhorn Coal Company v. Adams, Ky., 313 S.W.2d 421. It is elemental that the compensation claimant has the burden of proving by competent evidence all facts necessary to establish the claim. Walker v. Lebanon Stone Company, 312 Ky. 624, 229 S.W.2d 163. The claimant must establish that the loss arose both out of and in the course of the employment. Maddox v. Heaven Hill Distilleries, Inc., Ky., 329 S.W.2d 189.

■■ The phrase "arising out of" refers to the cause of the accident; that is, there must be a causal relationship between the accident and the employment. Harlan Colleries Company v. Shell, Ky., 239 S.W. 2d 923. The test seems to be whether the cause had its origin in a risk connected with the employment and the injury flowed from that source as a natural and rational con-

sequence. Palmer v. Main, 209 Ky. 226, 272 S.W. 736; January-Wood Company v. Schumacher, 231 Ky. 705, 22 S.W.2d 117; Stasel v. American Radiator & Standard Sanitary Corporation, Ky., 278 S.W.2d 721; Masonic Widows and Orphans Home v. Lewis, Ky., 330 S.W.2d 103. The injury, in order to be compensable, must have been an incident of or have issued from the performance of some duty that the employee owed the employer and resulted as a natural consequence of performance of that duty. As such, it must be seen to have been contemplated by a reasonable person familiar with the whole situation as a result of exposure occasioned by the nature of the employment. Such being the case, it can be said to arise out of the employment. Bluegrass Pastureland Dairies v. Meeker, 268 Ky. 722, 105 S.W.2d 611. The exposure to the hazard must result from engagement in the performance of the duties of the employment.

In a case which is stronger on the facts than the present case, Hughes v. Hartford Accident & Indemnity Company, 76 Ga. App. 785, 47 S.E.2d 143, 145, it was held that the injuries sustained by an employee from bullet wounds inflicted by a fellow employee were not compensable. The claimant had been performing part of the duties formerly performed by another employee who thought the claimant was "trying to beat me out of my job." The Georgia court, in upholding the finding of the referee and Board denying compensation, held that the claimant "had failed to carry the burden of proof of showing that his injuries arose out of his employment." Appellees rely on York v. City of Hazard, 301 Ky. 306, 191 S.W.2d 239; Travis Creek Fuel Company v. Maggard, Ky., 293 S.W.2d 720, and other cases holding compensable injuries from assaults of fellow employees which were fairly traceable to an incident of employment. Those cases do not control here in view of the finding of the referee and Board.

It is the function of the circuit court and this Court to review the record in a compensation case as to the facts to determine whether or not the finding by the Board is supported by any evidence of probative value. Tyler-Couch Construction Company v. Elmore, Ky., 264 S.W.2d 56. If there is competent relevant evidence which is substantial, such that a reasonable mind might accept as adequate to uphold the finding of the Board, such finding must be upheld. Eastern Coal Corporation v. Thacker, Ky., 290 S.W.2d 468. The facts of this case justify the finding of the Board that Gray's death did not arise out of his employment within the meaning of the Act.

The judgment is reversed, with direction to affirm the decision of the Board.