PEOPLE'S SERVICE STATION, INC.,
Appellant,

v.

Virginia Louise PURVIS, etc., et al.,
Appellees.

Court of Appeals of Kentucky.

May 15, 1964.

Armer H. Mahan, Davis & Mahan, Louisville, for appellant.

Edward T. Ewen, Jr., Louisville, for appellees.

WADDILL, Commissioner.

The parties to this appeal agree that the sole question presented is whether the death of J. T. Purvis arose out of his employment within the meaning of KRS 342.-005(1). The Workmen's Compensation Board answered this question in the affirmative and awarded the dependents of Purvis benefits under KRS 342.070. The case is before us on appeal from the judgment of the Jefferson Circuit Court upholding the award of the Board.

Appellant operates a gasoline service station in Jefferson County which remains open for business during the night. Sometime during the night of August 20, 1961, while Purvis was the sole attendant on duty at this station, he was brutally slain. Officer D. E. McQuillen, who conducted the investigation at the scene of the crime, testified that six quart-cans of oil had been used to beat Purvis about the head. The only thing shown to have been missing from the service station was a two gallon can of oil which was later found at the home of Freddie Joe Adkins, who had confessed that he killed Purvis.

According to Adkins, who had pleaded guilty and was serving a prison term for the killing of Purvis when his deposition was taken, it was his custom to stop at this service station either as a customer or to chat with Purvis and assist him in cleaning windshields of cars which stopped there to be serviced.

Adkins stated that on August 20, 1961, he arrived at appellant's service station at approximately 11:00 P.M., and found Purvis on duty. After they had conversed awhile he went to a tavern and drank two beers. About one hour later he returned and resumed his conversation with Purvis which gravitated to the subject of women. What happened thereafter is not clear, but the fair import of Adkins' testimony is that, following a disagreement between them, Purvis ordered him to leave and when he refused, shoved him toward the door. This precipitated a fight, the details of which Adkins could not remember.

The manager of appellant's service station testified that he had frequently instructed Purvis not to permit anyone to loaf about the station or to assist him in the performance of his duties. On the night before the killing he had specifically warned Purvis that he would be discharged if he persisted in allowing Adkins to violate this rule.

The term "arising out of" refers to the cause of the accident, that is there must be a causal connection between the accident and the employment. City of Prestonsburg v. Gray, Ky., 341 S.W.2d 257. An injury which is the natural and necessary incident or consequence of the employment, although not foreseen or expected, arises out of it. Phil Hollenbach Co. v. Hollenbach, 181 Ky. 262, 204 S.W. 152, 13 A.L.R. 524. Also see Larson, Workmen's Compensation, Vol. 1, Section 29.10, pp. 442–445.

Appellant contends that the only competent and probative evidence, either direct or circumstantial, is to the effect that the cause of the killing was a personal grievance arising out of an argument which had nothing whatever to do with employment.

The Workmen's Compensation Board rejected this contention. The Board found that the evidence and inferences that can reasonably be drawn therefrom, show that there was a definite causal connection between the assault and the effort of Purvis

to make Adkins leave the service station in compliance with the instructions of his employer. We conclude that the Board correctly decided the question presented in this case and we therefore affirm the judgment upholding the award.

The judgment is affirmed.