## W. M. CISSELL MANUFACTURING COMPANY, Appellant,

v.

## William J. HARRIS and Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

Dec. 5, 1980.

---

Robert C. Ewald, Louisville, for appellant.

Paul K. Murphy, Louisville, Paul Reilender, Jr., J. Scott Getsinger, Jr., Workmen's Compensation Board, Frankfort, for appellees.

Before BREETZ,* COOPER and HOGGE, JJ.

COOPER, Judge.

This is an appeal from a judgment of the circuit court affirming a decision of the Workmen's Compensation Board. The issue presented is whether the Board delegated its fact–finding and decision–making authority to a commissioner so that the decision was not in conformity with the provisions of KRS 342.255. On review, we reverse and remand.

The appellee, William J. Harris, filed a claim with the Workmen's Compensation Board while in the employ of the appellant, W. M. Cissell Manufacturing Company. The appellee alleged that he had sustained a back injury in August of 1975. The opinion adopted by the Board–on its face by the full Board–determined that the appellee had sustained an injury of appreciable proportions. It specifically found that he was occupationally disabled to the extent of 40%. Liability for his disability was assessed against the appellant. The appellant appealed to the circuit court which affirmed the opinion of the Board. It is from this judgment that the appellant now appeals.

The substantive basis of the appellant's argument is contained within the language of KRS 342.285(3)(c); that is, the opinion and award was not in conformity with provisions of KRS Chapter 342. The appellant argues that the Board delegated its fact–finding and decision–making authority to a commissioner who is not a Board member. The responsibility and duties of hearing officers appointed to assist the Board are set forth in KRS 342.230(3) as follows:

The governor shall appoint not more than the number of hearing officers authorized by regulation of the Board, each of whom shall be an attorney admitted to practice of law in Kentucky and shall have practiced law for at least three (3) years. These officers, upon the direction of the director or the Board, shall conduct hearings, and otherwise supervise the presentation of evidence and perform any other duties assigned to them by the director of the Board except that such hearing officers shall not render final decisions, orders, or awards. However, such hearing officers may, in receiving evidence on behalf of the Board, make such rulings affecting the competency, relevancy, and materiality of the evidence about to be presented and upon motions presented during the taking of evidence as will expedite the preparation of the case.

The appellant argues that if a hearing officer is not authorized by statute to assume the fact–finding and decision–making authority of the Board, neither is a non–appointed individual designated as a commissioner. We agree.

The Board is strictly a creature of statute. Its composition and its members' qualifications are set forth in KRS 342.215(1) and (2). Because it is a statutory administrative agency, the statute must set forth when and under what circumstances its authority may, or may not, be delegated. *Department for Natural Resources and Environmental Protection v. Stearns Coal and Lumber Co.,* Ky., 563 S.W.2d 471 (1978). KRS 342.230(3) specifically states that a hearing officer, authorized to hear evidence and rule on questions of relevancy and materiality, may not render final decisions, orders or awards. KRS 342.255 limits those decisions solely to the majority of the Board as follows:

Any ... decision of the board and any order made by a member thereof, when approved by a majority of the members and so shown on a record of its proceedings, shall be considered an order of the board.

The appellee argues that the opinion was, in substance, one by the full Board, and that once a tendered opinion is adopted by the full Board–regardless of who was the author–it becomes official. Under the facts of this case, we disagree.

The Workmen's Compensation Board sought an opinion from the Attorney General before it began the use of commissioners. In its letter to the Attorney General the Board advised:

The advisory findings and recommendations in each case would be reviewed by a Board member when the case is assigned to him for opinion and judgment. The opinion or order rendered by the Board

member would be his own *after reviewing the case* and the findings and recommendations of the Board employed attorney. (Emphasis added)

With this explanation of what the Board would do after it received the opinion recommended by the commissioner, the Attorney General rendered his opinion that "we can find no statute which forbids their appointment or performance in the manner set out in your request." OAG 75–516.

The uncontradicted evidence in this record is that no member of the Board read the record or any of the depositions in the record. This is contrary to what the Board told the Attorney General it would do when it requested OAG 75–516, and, thus, the Attorney General's opinion has no application to the case. Not having read either the record or the briefs, the Board knew only those facts mentioned in the proposed opinion. It was, therefore, unaware of the employer's contention that:

(a) The claimant admitted that two neurosurgeons had recommended against surgery before he submitted to surgery by Dr. Smiley;

(b) Dr. Collis, appointed pursuant to KRS 342.121, also questioned the need for surgery; and,

(c) Dr. Collis' disability rating of 8% was attributed to the surgery and not the injury itself.

Part of the responsibility of any administrative agency confronted with a question of fact is to review and interpret the evidence in the light of existing law. Here, the commissioner interpreted those facts for the Board. From a review of the record, it is evident that no individual member reviewed the briefs or evidence submitted by the parties. Minimal compliance with KRS 342.255 requires that at least one member of the Board read the briefs of the parties and then check the proposed opinion to see if it deals fairly with the issues presented.

Notwithstanding the appellant's argument, both the appellee and the Board argue that the practice of submitting a claim to a commissioner is authorized by KRS 342.230(1). That section of the statute states as follows:

Upon the recommendation of the director, the Board, within the limits of appropriations therefor, shall establish and fill any positions, including medical services and advice necessary to carry on the Board's work.

Clearly, a distinction exists between a delegation of authority to perform acts which are purely ministerial in nature and the delegation of authority to act with judicial or quasi-judicial authority. *Payton v. McQuown*, 97 Ky. 757, 31 S.W. 874 (1895); *Slone v. Commonwealth*, Ky., 377 S.W.2d 51 (1964); *Funk v. Milliken*, Ky., 317 S.W.2d 499 (1958). Whatever the legislative intent underlying KRS 342.230(1), that section of the Workmen's Compensation Act cannot authorize the delegation of judicial or quasi-judicial authority to an individual not specifically authorized by statute. On the contrary, the statute seems directed to the delegation of non–judicial authority in areas not involving the decision–making process.

Prior to 1964, KRS 342.280 authorized a referee to act for a Board member. Under that repealed statute, a referee could render a decision and proposed award. Yet, the statute also provided that if an appeal were made from that award within seven days from the date of its entry, a party could petition for a review of the evidence by the full Board. KRS 342.280 (repealed by Act 1964 Chapter 192 § 27); *Walker v. Lebanon Stone Co.*, 312 Ky. 624, 229 S.W.2d 163 (1950). To empower a non–appointed commissioner with authority given to a referee under KRS 342.290–without the corresponding right of review by the full Board– would be to contravene express legislative intent.

Under KRS 342.230(3) and KRS 342.255, authority to render a decision in any claim filed with the Board is specifically limited to the Board or one of its members. KRS

342.215 states that each member of the Board shall have the qualifications required of circuit judges. Given this fact, we do not believe that the Board or any of its members can delegate such decision-making authority to any other person. Consequently, we hold that the opinion and award was not made in conformity with the provisions of KRS Chapter 342.

Accordingly, we reverse the judgment of the circuit court and remand this matter to the Workmen's Compensation Board with directions that it, or one of its members, render a new opinion meeting the minimal requirements of KRS 342.255.

All concur.